Sarah McCorn, Respondent, *v.* John McCorn et al., Appellants.

M. died leaving a will executed the day previous to his death, by which, after a bequest to his wife of $1,000, and to his son M. of $400, he gave the residue of his estate to his four children, to be divided equally between them. The personal estate left by the testator was insufficient to pay his funeral expenses. In an action to have the widow's legacy declared to be a charge upon the real estate *held*, that the intent of the testator was that both legacies should be so chargeable; and that the widow, in case the land was insufficient to pay both legacies, was not entitled to a preference in payment, but simply to share *pro rata* with the other legatee; and this, although he had not claimed his right and denied that the legacies were chargeable on the real estate.

| | |
|---|---|
| 100 | 511 |
| 112 | 133 |
| 112 | 134 |
| 100 | 511 |
| 117 | 291 |
| 100 | 511 |
| 124 | 368 |
| 124 | 485 |
| 100 | 511 |
| 133 | 458 |
| 100 | 511 |
| 138 | 421 |

(Argued October 23, 1885 ; decided November 24, 1885.)

Appeal from order of the General Term of the Supreme Court, in the third judicial department, entered upon an order made July 3, 1883, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 30 Hun, 171.)

This action was brought to have a legacy given to the plaintiff by the will of her late husband, Moses McCorn, adjudged to be a charge upon the real estate of which he died seized.

The facts so far as material are stated in the opinion.

*M. N. Tompkins* for appellants. The legacy to the plantiff should not be made a charge upon the real estate of which the testator died seized. ( *Wiltsie* v. *Shaw*, 29 Hun, 195; *Lupton* v. *Lupton*, 2 Johns. Ch. 614 ; *Reynolds* v. *Reynolds*, 16 N. Y. 257 ; *Babcock* v. *Stoddard*, 3 T. & C. 207 ; *Myers* v. *Eddy*, 47 Barb. 267; *Kinnier* v. *Rogers*, 42 N. Y. 531.) The plaintiff was only entitled to interest on her legacy at the legal rate, to-wit: seven per cent to January 1, 1880, and six per cent thereafter. (*Sanders* v. *L. S. & M. S. R. R. Co.*, 94 N. Y. 541; *Stoddard* v. *Same*, id. 643 ; *Jermain* v. *Same*, 18 N. Y. Weekly Dig. 403; *O'Brien* v. *Young*, 95 N. Y. 428.) If the legacy to the plaintiff is charged upon the real estate,

then so is the legacy to Moses of $400, and should be paid in the same proportion. (Code of Civ. Pro., § 519; *Chatfield* v. *Simmonson*, 92 N. Y. 218; *Murtha* v. *Curley*, 90 id. 372; *Baker* v. *McLaughlin*, 19 N. Y. Weekly Dig. 29; 2 Wait's Law & Pr. [5th ed.] 941, 942.)

*James A. Christie* for respondent. Where there has been no previous devise of real estate in a will, a devise of the residue will carry so much of the real estate as shall remain, after the pecuniary legacies have been paid and satisfied, and no more; and especially in this case, where the legatees are of the testator's blood, and morally and legally objects of his bounty. (*Scott* v. *Stebbins*, 91 N. Y. 605; *Hoyt* v. *Hoyt*, 85 id. 142; *Shutters* v. *Johnson*, 38 Barb. 80.) Where a will first gives money legacies, and then disposes of the rest of the property by a general residuary clause, especially where there is no severance of the real estate from the personal, and there being no personal estate from which to pay or satisfy the legacies, resort must be had to the real estate left by the testator, to satisfy the legacies; and especially is that the case when the legatees are of the testator's blood, having a natural claim on his bounty, as in the case under consideration. (*Tracy* v. *Tracy*, 15 Barb. 503; *Stoddard* v. *Pomeroy*, 36 id. 546; *Shutters* v. *Johnson*, 38 id. 80; *R. C. Church* v. *Wachter*, 42 id. 43; *Taylor* v. *Dodd*, 58 N. Y. 335; *Le Fevre* v. *Toole*, 84 id. 95; *Hoyt* v. *Hoyt*, 85 id. 142; *Scott* v. *Stebbins*, 91 id. 605; *Ragan* v. *Allen*, 7 Hun, 537; *Hall* v. *Thompson*, 23 Hun, 334.) The legacy became due in one year from the death of the testator; and from that time the estate is chargeable with interest, and it formed an integral part of the debt. (*Hawley* v. *Johnson*, 5 Paige, 318; *March* v. *Hague*, 1 Ed. Ch. 174; Dayton's Surrogate [2d ed.], 429, 430.) Where a part of a proposition in a charge is correct, an exception to the whole is not available. (*Graham* v. *Chrystal*, 2 Keyes, 21; *McMahon* v. *N. Y. & E. R. R. Co.*, 20 N. Y. 463; *Briggs* v. *Boyd*, 56 id. 289; *Matthews* v. *Duryea*, 2 Keyes, 525; *Newell* v. *Doty*, 33 N. Y. 83; *Mabie* v. *Bailey*, 95 id. 206.)

FINCH, J.   Whether a legacy is charged upon the real estate of the decedent is always a question of the testator's intention. The language of the will is the basis of the inquiry, but extrinsic circumstances which aid in the interpretation of that language, and help to disclose the actual intention, may also be considered. (*Le Fevre* v. *Toole,* 84 N. Y. 95 ; *Hoyt* v. *Hoyt,* 85 id. 142 ; *Scott* v. *Stebbins,* 91 id. 605.)   In this case the testator, by a will exceedingly simple and brief, bequeathed to his wife $1,000 and certain specific articles ; to his son Moses the sum of $400 ; and then added, " I devise that the rest of the property shall be divided equally between Mr. Moses Mc-Corn, Jr., Mr. John McCorn, Mrs. Eliza Tompkins and Mrs. Mary Jane Alexander."   These four were children of the decedent.   This will was made but one day before his death, so that no change in the condition of his estate can be supposed as occurring in the interval. His personal estate was insufficient even to pay his funeral expenses, and the two legacies to the widow and son were mere mockeries unless meant to be a charge upon the real estate.   The testator must have known that he had no personal estate with which to pay the smallest portion of his bequests, and unless he meant to charge them upon the land we must impute to him the deliberate and conscious intention of making bequests to his wife and son which he knew could never be paid.   The case is not one in which there proves to be a small and unexpected lack of personalty to pay legacies, and so in which the testator might be assumed to have honestly and reasonably supposed his personal assets sufficient.   In such an event the foundation of an inference that the real estate was meant to be charged would be taken away, and the deficiency would have no significance.   But the situation is such that all possibility of innocent mistake is removed, and the facts drive us to the alternative of believing that the testator in making his last will, under the solemnity of approaching death, indulged in bequests known to be useless and vain, or meant that they should be paid from the only possible source.   No reasonable intelligence can hesitate to

draw the latter inference. But the final language of the will further indicates the intention. There is a residuary clause which blends the personal and real estate by the phrase "the rest of the property." There could be no "residue" on the theory that nothing had been given to the wife and Moses, and the term would be inapplicable to what was known to be a devise of the whole estate. The use of the term implied an understanding of the testator that something had been given out of and taken from his property, so that there was left a remainder or residue of the whole property. Each of these circumstances in our consideration of other cases has had a place in the reasons given for inferring an intention to charge legacies upon the land. It is not needed to say whether one alone would be sufficient, for here the two concur, and their united force is enough to satisfy us that the decision of the referee and the General Term in this respect was correct.

But we think there was error in awarding to the plaintiff full payment of her legacy out of the land to the limit of its value to the exclusion of the legacy of $400 given to Moses McCorn. Whether he sought to enforce his legacy or not, or was entitled in this action to a decree for its payment in full or *pro tanto*, is immaterial to the question of the right of the plaintiff and the relief to which she was entitled under the will. Her equity was not enlarged because he denied its existence, nor did he forfeit his right as against her by merely contesting her view of the law. The extreme limit of her equity under the will was to be paid out of the land *pro rata* with the legacy to Moses, also and equally charged upon the real estate; and she established a claim to no greater relief than this. But she was awarded preference of payment over the legacy to Moses without any basis for such preference in the facts, and her right was enlarged beyond the bounty and intent of the testator. We may not award to Moses relief which he has not sought in this action, but we ought not to shut the door against his right by transferring to another what equitably belongs to him. His claim upon the surplus will remain after full justice is done to the plaintiff.

It is claimed that no exception raises this question. The only exception applicable is that taken in terms to the whole of the referee's fifth finding, which is a conclusion of law. The rule is familiar that such an exception fails when any portion of the finding is good, and that is asserted to be the case here. The finding directs the land to be sold, and the proceeds to be paid over to plaintiff up to the full amount of her legacy, and if there be a deficiency the defendants to be charged with it to the extent of the $500 mortgage upon the lands of which the testator died seized, and which defendants, in the life-time of the testator, had for a valuable consideration agreed to pay, if that remains unpaid, and any surplus to be paid over to the county treasurer. That is the whole of the fifth finding. A separate paragraph, although unnumbered, follows it relating to costs and appointing the sheriff to sell, which does not fairly belong to the finding excepted to. The whole of such finding, in all its parts, is infected with the error to which we have alluded. The sale is to be made to secure to the plaintiff too large a sum ; in case of a deficiency the whole mortgage money, instead of a just proportion, is to be applied to the legacy, and any surplus resulting from the erroneous disposition, and therefore inevitably lessened, is to be deposited with the treasurer. The exception to the whole of the finding must thus be deemed sufficient.

The judgment should be modified so as to charge the plaintiff's legacy with lawful interest upon the land, *pro rata* with the legacy to Moses McCorn, and, as modified, affirmed without costs to either party in this court.

All concur.

Judgment accordingly.