ORANGE COUNTY.—HON. R. C. COLEMAN, SURRO-
GATE.—June, 1886.

BRINK *v.* MASTERSON.

*In the matter of the judicial settlement of the account
of the executors of the will of* JACOB D. MASTER-
SON, *deceased.*

*It seems,* that a provision in a will, *authorizing and empowering* the execu-
tors to sell testator's real estate *for the benefit of his legatees,* effects
an equitable conversion, and renders the proceeds of sale applicable to
the payment of general legacies.
The will of testator bequeathed his furniture to his widow, and gave to her
the use of his house and the income of $3,000, during her life, these
provisions being declared to be in lieu of dower and other claims. It
also gave to a daughter the income of $4,000 during her life, and pecu-
niary legacies to other relatives. The ninth clause authorized and em-
powered the executors to sell the real property for the benefit of the
legatees, and to apply the rents thereof, until sold, to the satisfaction
of the annual claims of the wife and daughter. The personal property
being absorbed in the payment of debts and expenses of administra-
tion, and the real property yielding only $6,500, the daughter contended
that the income of the latter sum should be divided between her and
the widow in proportion to their legacies.—
*Held,* that the will charged the legacies upon the real property; and that,
of the proceeds of the sale thereof, $3,000 should be invested for the
widow, and the balance for the daughter.

THE will of decedent, which was admitted to pro-
bate November 4th, 1881, gave to testator's wife,
during her natural life, the use of his house and lot
and the income of $3,000. It also gave her his fur-
niture. These legacies were in lieu of dower and any
other interest given her by law in his estate. Testa-
tor also gave the income of $4,000 to his daughter,

Frances E. Brink, during her life. He gave his son in law $500, payable three years after his death, and his two grandsons $500, each, when they were twenty-one years of age. After making several trusts he gave the residue to his grandchildren.

The ninth paragraph of the will was as follows:

" I authorize and empower my executors hereinafter named to receive the rents and profits of any or all of my lands except my house and lot during the existence of my said wife's life interest therein, and apply such rents and profits to the use of my said wife and daughter so long, during their lifetime, as my executors may deem proper and expedient. Such rents and profits, however, so applied shall not be in addition to the bequests above given to my said wife and daughter, but shall constitute a part of their aforesaid annual income, to be paid to them respectively by my executors as aforesaid provided. And I further authorize and empower my executors to sell, for the benefit of my legatees, any or all of my real estate at such time or times as, in the exercise of their judgment, they may deem best."

By the account filed in these proceedings by Samuel J. Masterson and another, executors, it appeared that the personal estate amounted to about $600, which was not more than sufficient to pay the debts and expenses of administration; that the executors had sold all the real estate, except the house and lot left to the widow for life, and realized therefrom $6,500; and that they had paid to the widow annual interest on $3,000, amounting to $640, and had paid less than $200 to the daughter, as income.

It was objected by the daughter that the income of the estate, rents and interest should have been divided by the executors, *pro rata*, between her and the widow, in proportion to their legacies.

JOHN D. BRADNER, *for executors.*

JOHN L. WIGGINS, *for daughter.*

THE SURROGATE.—The bequest to the widow is a general legacy, and primarily could not be paid from the real estate, and, like other general legacies, would ordinarily abate or fail where there is insufficient personal property (Babcock v. Stoddard, 3 *T. & C.*, 207; McCorn v. McCorn, 100 *N. Y.*, 511). But being given and accepted in lieu of dower, it must be paid in preference to other general legacies, the widow being regarded as a purchaser for consideration (Babcock v. Stoddard, *supra;* Isenhart v. Brown, 1 *Edw. Ch.*, 211).

The personal estate amounted to about $600, which was not more than sufficient to pay the debts and expenses of administration; therefore, unless this legacy is charged by the will upon the real estate, or the proceeds of the sale of the real estate are in some way applicable to the payment thereof, it must fail entirely.

I am of opinion that the provision authorizing and empowering the executor to sell his real estate "for the benefit of my legatees," operates as an equitable conversion of the real estate, and, thus becoming personal estate, it was applicable to the payment of general legacies. But it is not necessary to rest on this

BRINK V. MASTERSON.

ground alone, because it can be fairly determined that the testator intended to charge the legacies given by his will upon the real estate, for the following reasons:—(1.) That intent is apparent in the words, " and I further authorize and empower my executors to sell, *for the benefit of my legatees*, any and all of my real estate." (2.) The ninth provision of the will, authorizing the executors to apply the rents of the real estate, until sold, to satisfy the annual claims of the wife and daughter, contemplates a lack of personal property to invest, and recognizes the necessity of obtaining the fund to be invested for their benefit from the real estate. (3.) The testator must have known that there would be no personal property with which to pay legacies; and it cannot be thought that he meant to make bequests which would be idle words, but must rather be supposed that he meant and intended them to be good and substantial gifts, which they could only be by charging them on the real estate (McCorn v. McCorn, *supra*).

Having reached this conclusion by either of the methods mentioned, the proceeds of the sale of the real estate became applicable to the payment of the legacies, the widow's legacy retaining its right to priority.

The decree should direct the executors to set apart and invest, from the funds in their hands, $3,000 for the benefit of the widow, and to invest the balance in their hands for the benefit of Mrs. Brink, and hereafter only the income derived from the investment made on their behalf shall be paid to either of them.