CORLETT, J., concurred; MACOMBER, J., not sitting.

Order appealed from affirmed, with ten dollars costs and disbursements.

---

MARY G. MORRIS, RESPONDENT, *v.* ALFRED G. SICKLY, APPELLANT, IMPLEADED, ETC.

*Legacy — evidence of extrinsic facts to show the intent to charge it upon real estate — not limited to facts existing when the will was made.*

In an action to charge a general legacy on real estate of which the testator died seized, the inquiry as to the intention of the testator is not limited to the extrinsic facts as they existed at the time that the will was made.

As the effect of the will is not confined to property possessed by the testator at the date of its execution, but extends to property subsequently acquired, so the intention of the testator in making the will must be supposed to embrace future probable or possible changes in the form and character of his estate, and his subsequent dealings with his property may furnish satisfactory evidence of the intention with which the provisions of his will were made.

APPEAL by the defendant Alfred G. Sickly from a judgment entered in the office of the clerk of the county of Livingston on the 17th day of March, 1890, after a trial at the Livingston County Special Term on the 17th day of December, 1889, by which it was adjudged that the legacy bequeathed by the will of Margaret M. Gray to the plaintiff Mary G. Morris was a charge upon the real property of which the said Margaret M. Gray died seized, and directing a sale of said real estate and the payment of the legacy out of the proceeds thereof.

*S. Hubbard*, for the appellant.

*L. O. Reed*, for the respondent.

DWIGHT, P. J.:

The action was to charge a general legacy on real estate of which the testatrix died seized. The legacy in question and one other were given after the payment of debts and funeral expenses and the expense of a tombstone, and they were immediately followed by the familiar residuary clause which disposed of "all the rest, residue and remainder" of the estate, "both real and personal." Concededly, this will did not, by its terms, purport to charge the plaintiff's legacy on the real estate whereof the testatrix died seized; but its terms were not inconsistent with such an intention on the part of the testatrix, and it might be construed to do so, provided that intention should be made to appear from extrinsic circumstances. (*Brill* v. *Wright*, 112 N. Y., 129.)

It must also be admitted that if the inquiry for the intention of the testatrix were limited to the extrinsic facts as they existed at the time the will was made, the answer must be fatal to the plaintiff's case, because not only was there at that time no insufficiency of personal estate for the payment of the legacies, but there was no real estate upon which they could have been charged. But, clearly, our inquiry is not thus limited, and the facts mentioned are not conclusive upon the question of the intention of the testatrix. As the effect of a will is not confined to property possessed by the testator at the date of its execution, but extends to property subsequently acquired, so the intention of the testator must be supposed to embrace future, probable or possible changes in the form and character of his estate; and his subsequent dealings with his property may furnish satisfactory evidence of the intention with which the provisions of his will were made. It was upon evidence of this character that the judgment of the Court of Appeals was made in the case of *Scott* v. *Stebbins* (91 N. Y., 605), where the court, after stating what appeared from the evidence respecting changes in his property made by the testator subsequent to the execution of his will, proceeds to say: "It is evident he must have known and intended that his personal property would not be charged alone with the payment of the legacies. The reduction of his personal

property and the increase of his real estate evince that he must have regarded the latter as chargeable with the legacies." And, in *Briggs* v. *Carroll* (117 N. Y., 288), the same effect is given to evidence of the character referred to. In that case FINCH, J., speaking of the action of the testator subsequent to the execution of the will, by which his personal estate had been largely depleted, says: " Either he intended to sacrifice the comfort and welfare of his wife and son Charles for the benefit of his older and married children, and deliberately continued to make their situation worse by putting personal estate into land and incurring debts, or he supposed that their legacies would rest upon real estate. I think we are justified in holding that the latter was his understanding of the will." And again, after referring-to the legacies as of such a character, that it is hard to suppose they were meant to abate, he adds: " And the subsequent action of the testator strongly indicates that he meant to impose their payment upon his lands." The facts in both of the cases referred to are similar, in the respect considered, to those of the present case ; and if a similar effect is given to the latter, we shall readily conclude that nothing was further from the intention of the testatrix than that the legacy to the plaintiff should abate, and that the whole body of the estate should fall into the residue and go to persons who, under the conditions existing at the time the will was made, would have taken only an inconsiderable surplus of the estate.

The circumstances of this case extrinsic to the will were briefly as follows : The testatrix was an unmarried woman upwards of sixty years of age at the time her will was made. Seven years before that time she had found a home with the plaintiff, who was her sister, and she continued to live with her until her death, which occurred eleven years later. During this time she paid to the plaintiff's husband $100 a year for her board ; a sum which may possibly have reimbursed him for his actual outlay for her benefit, but which left the plaintiff's services, kind offices and care, in sickness and in health, wholly unrequited. At the date of her will her property consisted solely of personal estate worth $2,500. Her will provided a legacy to the plaintiff of $1,800, and another to a niece of $200. This left of her property, as it then existed, the sum of $500 out of which to pay her funeral expenses, the cost of a tomb-

stone and any possible debts; and whatever small surplus was left would have gone to three residuary legatees, a brother, a sister and a nephew, in equal shares. Such was the *status* when the will was made. The eleven years which intervened before her death brought no change in her relations — and only an increase of obligations — to the sister to whom she had proposed to give two-thirds of her estate; but the estate itself had been changed in form, from personal to real, by investment in land, and the brother and sister named in the residuary clause had died. The effect of these changes, upon the theory of the appellant's contention, was to cut off the legacy to her sister, the plaintiff, as well as that to her niece; to devolve one-third of the entire estate upon the nephew named in the residuary clause, and to leave the remaining two-thirds to be divided between her heirs-at-law, near and remote, including the same fortunate nephew, who alone appeals from the judgment in this action. No one can believe that the possibility of such a result ever entered the mind of the testatrix, much less that it was consistent with her intention at any moment of her life.

If, then, effect is to be given to this will according to the intention of the testatrix, and that intention is to be ascertained by inquiry of extrinsic circumstances which followed, as well as those which accompanied the execution of the will, including the fact that she suffered the will to stand unchanged under the changed conditions in respect to her property which had supervened, then the conclusion reached by the learned trial court in respect to the plaintiff's legacy was right. We confess that we are unable to see precisely why the same conclusion might not have been reached in respect to the legacy of $200 to the niece, but this appeal does not present the question.

The judgment should be affirmed.

MACOMBER and CORLETT, JJ., concurred.

Judgment appealed from affirmed, with costs.