HISCOCK *et al. v.* FULTON *et al.*

*(Supreme Court, General Term, Fifth Department.   January 22, 1892.)*

1. EXECUTION—INTEREST OF LEGATEE IN LAND CHARGED WITH LEGACY.
    Though a legacy is given with the evident intention of the testator that its payment shall be a charge on the land, but such intention is not expressed in the will until an adjudication by a competent court that it is such a charge, the legatee has no interest in the real estate which can be sold on execution.

2. INTEREST ON LEGACY—WHEN BEGINS TO RUN.
    Under 2 Rev. St. p. 90, § 43, which provides that payment of legacies cannot be compelled until one year after letters testamentary have issued, interest on a legacy begins to run one year after the issue of the letters testamentary, and not one year after testator's death.

3. CHARGING LEGACY ON LAND—RIGHTS OF JUDGMENT CREDITORS.
    In an action by judgment creditors of a legatee to charge the legacy on land, for the purpose of subjecting it to plaintiff's judgment, the court cannot render a judgment directing a sale of the real estate left by testator, and then attempt to adjust the claim of the several parties to the fund, though it may decree that plaintiff's judgment be made a lien on the land, and direct a sale of the legatee's undivided interest.

Appeal from special term, Monroe county.

Action by James O. Hiscock and another against Polly Fulton and others to charge a legacy on real estate. Judgment for plaintiffs. Defendants, other than Aaron Garrett, executor, appeal. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*H. B. Cone,* for appellants.   *Edward Webster,* for respondents.

MACOMBER, J.   This action is brought, as is claimed by the counsel for the respondents, for the purpose of charging a legacy upon real estate.   The respondents are judgment creditors of the appellants Polly Fulton and her husband, James C. Fulton.   These two last-named persons did, on the 9th day of May, 1877, duly confess a judgment to the plaintiffs in the sum of $612.37, being for merchandise sold and delivered to the plaintiffs.   Execution on such judgment, in pursuance of an order made by the special term, was issued May 5, 1887, to the sheriff of the county of Monroe, who, finding no personal property belonging to either of the judgment debtors, did, on the 6th day of May of that year, levy on the supposed interest of the defendant Polly Fulton in the lands described in the complaint in this action, advertised the same to be sold at public auction, and subsequently sold the same at a public sale, at which the property was struck off to the plaintiffs, who were the highest bidders, for the sum of $500, and the certificate of sale stating that to be the highest bid was subsequently delivered to them by the sheriff, and filed in the proper office, July 2, 1889.   No person, entitled to do so, having redeemed, or offered to redeem, the premises, within the 15 months under the statute, a sheriff's deed was executed and delivered to the plaintiffs of the supposed interest of Polly Fulton in the lands described in the complaint, which consist of two parcels, both situate in the town of Greece, Monroe county, one of 20¾ acres and the other of 50 acres.   While it is probable that the plaintiffs may ultimately succeed in this action, and have their judgment charged upon the interest of Polly Fulton in the real estate left by her father, we are nevertheless of the opinion that the judgment appealed from cannot, under the facts established, be affirmed, for the reason that the plaintiffs have proceeded upon a mistaken method to enforce the rights which they seem to possess.   Their claim is based upon the following facts: The defendant Polly Fulton is the daughter of David Hartman, who died in the town of Greece, August 6, 1886, leaving a last will and testament, which was afterwards admitted to probate by the surrogate of Monroe county.   By this will, which bears date the 18th day of June, 1885, Hartman made the following bequests and devises to his children: To Benjamin Simon, and M. Sela Hartman, Polly

Fulton, Matilda Taber, and Margaret Cole, each the sum of $600; and to his daughter Susan A. Hartman the sum of $1,000,—making in the aggregate of such bequests the sum of $4,600,—together with a gift of the household furniture to the four daughters. In the residuary clause of the will the testator devised to his three sons all the rest and residue of his estate, both real and personal. The personal property left by the testator did not, at the time of making the will or at any time subsequently thereto, exceed in amount the sum of $400, and hence was manifestly incapable of discharging any considerable part of the money bequests above mentioned. This fact was well known to the testator; consequently the court has, at special term, very properly found, as a conclusion of fact, that it was the intention of the testator to charge the payment of these respective money legacies upon his real estate. *Briggs* v. *Carroll*, 117 N. Y. 288, 22 N. E. Rep. 1054; *McCorn* v. *McCorn*, 100 N. Y. 511, 3 N. E. Rep. 480; *Morris* v. *Sickley*, (Sup.) 11 N. Y. Supp. 458. Upon the judgment above mentioned an execution was duly issued to the proper sheriff, and the latter, finding no personal property, levied upon the supposed interest of Polly Fulton in the real estate left by her father, a sale thereof was had, and her interest was struck off to the plaintiffs for the sum of $500. There is no proof that this sum was applied on the judgment recovered by the plaintiffs against Polly Fulton and her husband, nor is the execution and the return made by the sheriff thereon laid before us in the appeal papers. It is, however, quite clear that Polly Fulton possessed under the will no interest in the real estate of her father which was leviable by execution. As appears above, the real estate was wholly devised in the residuary clause of the will to other persons. No equitable rights which she may have possessed therein could be enforced, except after a judgment of a competent court, adjudicating that her legacy of $600 was chargeable upon the real estate, and should be collected therefrom, before the residuary clause could take effect. The proper remedy of the plaintiffs, after recovering the judgment and the return of the execution thereon, was an action for that purpose.

There are facts alleged in the complaint, and found by the trial court, which, standing by themselves, would be sufficient, probably, to afford such relief, and we should be inclined, in this instance, to adopt such findings, and to administer the proper relief, were it not for certain other matters appearing in the case which preclude it. For instance, it is alleged in the complaint that, under the execution issued upon the judgment against Polly Fulton and her husband, the interest of Polly Fulton was seized, and sold to the plaintiffs for the sum of $500. Whether the judgment has been reduced to that amount or not does not appear. It is clear to us, however, that there has been no actual reduction of the amount unpaid upon such judgment; yet, as the case now stands, there appears to be enforceable against the real estate only the residue of such judgment after deducting the amount of the bid. The issuing of the execution upon that judgment was an absolute nullity; yet the fact that it was issued, and a sale made thereunder, in the manner stated in the complaint, may be relieved against by an amendment of the complaint. On the whole, we think such an amendment, however, should be made on application to the special term.

In certain minor details herein the judgment, in any event, should be corrected. If we understand the findings correctly, interest has been added to the legacy given to the defendant Polly Fulton from August 6, 1887, the date of the death of the testator, whereas it should be only from October 25, 1887, a year after the letters testamentary were issued. 2 Rev. St. p. 90, § 43.[1]

[1] 2 Rev. St. p. 90, § 43, provides that "no legacies shall be paid by any executor or administrator until after the expiration of one year from the time of granting letters testamentary or of administration, unless the same are directed by the will to be sooner paid."

It also appears that there is undistributed, of the personal estate, the sum of $19.14, belonging to Polly Fulton, still in the hands of the executor. This should first be applied before resort is had to the real estate.

The judgment is general in its terms, directing a sale of all the real estate left by the testator, Hartman, and apparently an effort has been made to adjust the claims of the several parties to the fund which may be realized therefrom. We know of no authority for this form of judgment. The plaintiffs are entitled in this action, if to anything, only to a judgment determining that their recovery against Polly Fulton should be made a lien upon the real estate left by her father, and that such real estate shall be sold under the direction of the court. After such sale, which would necessarily be of her undivided interest in all of such real estate, the purchaser would be left to pursue such remedy as well-established rules of law grant him.

We are furthermore of the opinion that the conclusion of the learned trial judge was correct, that the deeds mentioned in his findings, by and to the heirs at law of Hartman, were without consideration, and were given and received for the purpose of hindering, delaying, and defrauding the plaintiffs in this action. If such facts appear upon the new trial, which we have concluded to order, the plaintiffs will be entitled to the relief herein indicated; but the measure of such relief will be determined by the amount actually found to be unpaid upon the plaintiffs' judgment recovered by them against Polly Fulton and her husband. The judgment appealed from should be reversed, and a new trial had, with costs to abide the final award of costs.

All concur.