ARTHUR v. DALTON et al. (No. 955.)

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

1. WILLS—INTERPRETATION—LAND CHARGED WITH LEGACY.

An annuity given by a will is a charge on testator's land, where testator left practically no personalty, and the will, which was made two days before her death, provided for the annuity, and then devised the "rest" of her property, subject to another legacy.

2. COSTS—RIGHT TO—INTEREST IN CONTROVERSY.

A receiver in supplementary proceedings, who is made a party to an action by the judgment debtor, and answers in that action, asking payment of the judgment under which he was appointed out of the judgment debtor's recovery therein, is not entitled to costs against defendant.

Appeal from special term, New York county.

Action by James Arthur against Sarah Dalton and others. From a judgment entered on a decision of the trial judge in favor of plaintiff, defendant Sarah Dalton appeals. Modified.

The action was brought to have it adjudged that an annuity of $50 a month left to the plaintiff by the will of his wife, Rose Arthur, is a lien and charge upon the premises No. 613 East Ninth street, in the city of New York, and upon the rents and profits thereof, and for certain other relief. The defendants Seery and Dalton are beneficiaries under said will, and the defendant Carroll is the executor thereof. The defendant Anderson is receiver of the plaintiff, appointed in supplementary proceedings on August 3, 1895. The will of Rose Arthur is as follows: "I, Rose Arthur, of 613 East 9th street, in the city of New York, being of sound mind, give and bequeath all my real and personal property as follows: I bequeath to my husband, James Arthur, fifty dollars per month for his life, and to my daughter, Sarah Dalton, of 393 8th street, in New York City, all the rest of my property, with the condition that my sister, Mrs. Sarah Seery, of 613 East 9th street, in New York City, shall have her present apartments in that house rent free for life, or, if she prefers it, fifteen dollars per month in lieu of having the apartments rent free. All my lawful debts must be paid out of said property. I wish to have engraved on the window belonging to me in St. Bridget's Church the words, 'Pray for James Kelly and family.' I appoint Patrick Carroll, of No. 437 East 11th street, in the city of New York, sole executor of this my last will and testament, and I hereby request that he be not required to give any bonds or furnish any sureties for his faithful performance of this duty. I wish him to receive such compensation for his services in this matter as the law allows." This will was executed March 7, 1892, and the testatrix died two days later. It appeared that at the time when the will was made, as well as when she died, the testatrix possessed but a small amount of personalty, which was practically worthless, and that the only property she owned, having a substantial value, was the premises No. 613 East Ninth street. It also appeared that the defendant Dalton, the appellant, recovered a judgment for $275.10 against the plaintiff on May 24, 1895, and that the plaintiff had collected, since Mrs. Arthur's death, out of the rents of the house, the sum of $216, and had occupied six rooms therein for six months, the reasonable value of such use being found to be $120. With the exception of said sum of $216, all of the rents since Mrs. Arthur's death have been collected by the appellant. The judgment below decreed that the plaintiff is entitled to recover the sum of $2,054.41, as the net arrearage of annuity and interest up to and including April 9, 1896, after deducting the items of $216, $120, and $275.10; that he also recover $203.10 costs and $325 extra allowance; that he recover of the appellant, or her successors in title, all installments of annuity accruing after April 9, 1896; that the defendant Anderson receive out of the first moneys coming to the plaintiff the amount of his commissions as receiver, and that he recover $105.36 costs and $13 extra allowance; that the defendant Seery is entitled to the use and occupation of a suite of apartments in the premises aforesaid during her natural life, or, upon surrendering the same, to the sum of $15 a month during

the same period; that all sums directed to be paid be paid by the appellant; and that in case of her failure to make such payment within 10 days after service of a copy of the decree, with notice of entry, the premises be sold or mortgaged by a referee named, and the proceeds, after payment of expenses, deposited in court to pay the sums specified "in the order of their priority," any balance to be used to pay future installments of annuity. Further facts are stated in the opinion. .

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Edward W. S. Johnston, for appellant.
Alfred D. Lind and Maurice B. Blumenthal, for respondent.
A. C. Anderson, in pro. per.

BARRETT, J.  We think that it was the intention of the testatrix to make the legacy to the plaintiff a charge upon the premises No. 613 East Ninth street. There is no alternative between such an intention and one to delude the plaintiff with a perfectly vain hope. The will was made but two days before the testatrix's death, and she then had, and must have known that she had, no property at all adequate to pay this annuity, except the land in question. As there was substantially nothing else, not the "rest," but the whole, of the estate would have gone to the appellant, unless the annuity was charged upon the land. The case is almost precisely like McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480, where it was said:

"The two legacies to the widow and son were mere mockeries, unless meant to be a charge upon the real estate. The testator must have known that he had no personal estate with which to pay the smallest portion of his bequests, and, unless he meant to charge them upon the land, we must impute the deliberate and conscious intention of making bequests to his wife and son which he knew never could be paid. The case is not one in which there proves to be a small and unexpected lack of personalty to pay the legacies, and so in which the testator might be assumed to have honestly and reasonably supposed his personal assets sufficient. But the final language of the will further indicates the intention. There is a residuary clause, which blends the personal and real estate by the phrase 'the rest of the property.' There could be no 'residue,' on the theory that nothing had been given to the wife and son, and the term would be inapplicable to what was known to be a devise of the whole estate. The use of the term implied an undertaking of the testator that something had been given out of and taken from his property, so that there was left a remainder or residue of the whole property."

It is contended that this case differs from McCorn v. McCorn, in that there is here, in addition to the plaintiff's annuity, another legacy—that of Mrs. Seery—which is charged upon the land, and that the expression of such an intention in her case excludes the inference of a similar intent with regard to the plaintiff. Assuming that the alternative provision for Mrs. Seery is a general legacy, expressly charged upon the land,—which it is not,—the peculiar construction of the will destroys the force of this argument. It is first directed that the plaintiff shall have an annuity of $50 a month, and then that the appellant shall have all the rest of the estate, subject, however, to the interest conferred upon Mrs. Seery. There is thus an indication that the estate comes to the appellant in a reduced form, and that the provision for the plaintiff, not that

for Mrs. Seery, is the cause of the reduction. The same reason renders inapplicable the case of Lupton v. Lupton, 2 Johns. Ch. 614, and like cases, where there were devises of portions of the realty, and the wording of the residuary clause was held to have reference to the property left after such disposal. We think, however, that the provision for Mrs. Seery is superior to the plaintiff's annuity. She has given to her apartments in the premises absolutely. She also had the choice of surrendering them, and receiving instead $15 a month. This sum was, upon her exercise of that option, meant to be a charge on the premises, to the exclusion of both the plaintiff and the appellant. If she chose to surrender the apartments, she was absolutely entitled to receive in return the monthly payments specified. The property comes to the appellant burdened with an absolute condition that Mrs. Seery shall have either the apartments or the monthly payments,—whatever she shall choose to take. She has just as much right to the latter, at her option, as to the former, and the appellant obtains her title subject to these rights. The same reason makes Mrs. Seery's rights superior to the plaintiff's. Her leasehold interest came directly out of the property, and left the plaintiff, as well as the appellant, to realize upon it in this incumbered form. Her alternative right to receive the monthly payments was an equivalent for her leasehold interest, and was entitled to the same certainty of satisfaction.

It is also claimed that the plaintiff's annuity is charged only upon the rents and profits of the land, and not upon the corpus thereof. We do not think this was the intention of. the testatrix. She wished these bequests—the plaintiff's as well as Mrs. Seery's—to have an absolute preference over the gift of the residuary estate. There are no circumstances from which it can reasonably be inferred that the testatrix, while wishing these bequests to be paid out of the real estate, still meant to limit them to the rents and profits, and that they should entirely fail if those rents and profits were insufficient. On the contrary, we think her intention was to pledge her whole property, in the first instance, to their satisfaction. McCorn v. McCorn, supra, is again in point, since, upon a similar state of facts, the legacies were there held to be charged upon the corpus of the land. Delaney v. Van Aulen, 84 N. Y. 16, is cited for the appellant, but it is adverse to her contention. In that case the residuary estate was given to the executors in trust to apply the rents, profits, and income to the use of the testatrix's husband for life, except. that certain sums yearly were to be applied to the use of the plaintiff "thereout." At the time of the making of the will and the death of the testatrix, the income was sufficient to pay this legacy, but became insufficient after her death. It was held that the plaintiff could not resort to the corpus of the estate for payment of his annuity. But the reason given was that the annuity was expressly charged upon the rents and profits. Chief Judge Folger, however, recognized the English rule that "those words" (rents and profits) had been extended "when applied to the object of raising a gross sum at a fixed time, when it must be raised and paid without delay, to a power to raise by sale or

mortgage, unless restrained by other words"; and he declared that "an annuity falls within the rule, unless the other words of the will restrain it." There were such restraining words in the will then under consideration, since the husband was to receive merely the rents and profits, whether more or less, and the plaintiff was to receive simply a portion of the bequest to the husband. The rule is not, as seems to be contended, that an annuity is prima facie payable only out of the rents, but quite the contrary. The intention of the testatrix to thus limit the annuity must be plainly expressed, or clearly inferable from the provisions of the will upon the subject. The provision for the sale of the property was thus correct. But there should be no alternative provision for a mortgage. The decree, however, is obscure as to the application of the proceeds. It directs payment of the various sums "in the order of their priority," but what that order is, is not clearly indicated. The evidence shows that Mrs. Seery has elected to receive the monthly payments in lieu of her apartments, which renders it unnecessary to amend the judgment by limiting her use to the particular apartments referred to in the will. Consequently, out of the proceeds of the sale should first be taken a sum sufficient to secure her annuity of $15 a month for life. Out of the balance should be paid to the plaintiff, first, the sum due for the net arrearages of his annuity, and his costs and expenses, and sufficient of the residue should be invested to secure all future installments of his annuity for life. The remainder will belong to the appellant. Or, if the parties agree, upon the settlement of the decree, as now modified, the provision for the plaintiff and Mrs. Seery—either or both—may be secured by the purchase of an annuity. We think, however, it was proper to provide, as the decree did, for an alternative permitting the appellant to liquidate the sums due to the plaintiff for such net arrearages of his annuity, together with his costs and allowance. The legal title to the property is in her, subject to these liens, and she should have an opportunity to redeem; and, upon her redemption, the sale may be conditioned upon the prompt payment of future installments as they recur monthly, with liberty to apply upon the foot of the judgment in case of default.

How far, if at all, the plaintiff is entitled to a personal judgment against Mrs. Dalton, we need not consider. The decree did not award to him such a judgment. It directed her to pay all sums awarded, but, if she did not, simply permitted them to be realized out of the land, and did not authorize an execution against her personally. The plaintiff has not appealed from the decree, and consequently cannot now complain that it did not go far enough.

The allowance granted to the plaintiff was, as we have seen upon the appeal from the order, excessive. It should be reduced to $120, as indicated in the opinion upon that appeal. 43 N. Y. Supp. 581.

We do not think the defendant Anderson was entitled to costs and an allowance. His sole claim was to receive the costs, fees, and charges of the receivership out of the plaintiff's recovery. Of course, his interest was on the side of the plaintiff; but the latter

had an interest much broader than his, which would have led to the prosecution of the action after the satisfaction of Mrs. Dalton's judgment. Anderson was content to let the plaintiff conduct the action by his own counsel, and at his own expense. He merely interposed an answer which asked as its only relief that the judgment which he represented as receiver be paid, with all the incidental costs and fees. Under these circumstances, it would be most inequitable to deprive the plaintiff of his costs, and the defendant Dalton should not be compelled to pay two bills of costs upon the trial of a single issue, for the establishment of but one right. Anderson was properly allowed his fees and commissions as receiver out of the plaintiff's recovery, and this was the extent of the relief which should have been awarded him.

There also seems to have been error in the computation of interest upon the appellant's offsets; no interest at all being computed upon the amount of the judgment of $275.10, and an erroneous method being adopted as to the other items. The full amount of all the unpaid installments of annuity should first be ascertained, with the addition of interest upon each installment from the time it became due. From this should be deducted the amount of the three offsets,—for the rent, with interest from the date it was received; for the use of the rooms, with interest from the time of such use; and for the judgment, with interest from the date of its rendition. In view of the necessity for this modification of the judgment, installments of annuity may be allowed up to the date of the entry of judgment upon the decision of this court, and computations of interest, both upon them and the offsets, may be made up to that date.

The judgment should be modified as indicated, and, as so modified, affirmed, without costs to any of the parties. All concur.