## HARVEY v. KENNEDY et al.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. WILLS—CHARGING· LEGACY ON REAL ESTATE.

The real estate is not charged with the legacies where the will, executed when testatrix owned $15,000 worth of personal property and owed but $5,000, provided for only $2,500 of legacies, though thereafter the personal property was converted into real property.

2. SAME—POWER OF SALE.

A charge of legacies on real estate is not to be inferred from the residuary clause containing a power of sale, the sale being directed for the creation of a fund to be held by the trustee for the benefit of the residuary legatee.

3. SAME—BLENDING OF REAL AND PERSONAL PROPERTY.

The blending of real and personal property in the residuary clause does not charge the legacies on the real property, the main object of testator's bounty being provided for by the residuary clause.

Submission of controversy, on an agreed statement of facts, under Code Civ. Proc. § 1279, between Mary J. Harvey, as plaintiff, and John W. Kennedy, trustee under and executor of the will of Lockie L. G. Robinson, deceased, and another, as defendants. Judgment for defendants.

The controversy is·over the will of one Robinson. Plaintiff is a legatee named in the will, and seeks to have it.adjudged that her legacy is a charge upon the real estate. The executor contends otherwise, and thus arises the question here for determination. The will reads as follows:

"I, Lockie L. G. Robinson, of the city of Binghamton, Broome County, New York. being of sound mind and memory, do make, ordain, publish and declare this to be my last will and testament, that is to say:

"After all my lawful debts are paid and discharged, I give, devise and bequeath my property as follows:

"First: Unto my sister, Mary A. Harvey, in case she survives me, the sum of two thousand ($2,000) dollars. In case she dies before my death, then I give and bequeath the said sum of two thousand dollars, in manner following, that is to say: One thousand Dollars thereof to be divided between her children, ·Lockie R. Harvey and Jenny F. Baty, equally, share and share alike, if both be living; if either· be dead, the survivor shall take the whole; and the other one thousand dollars, to the other living children of the said Mary A. Harvey, share and share alike.

"Second: I give and bequeath to my executor hereinafter named the sum of Fifty ($50) to be invested and kept invested in good interest bearing securities, and· to use the interest and income thereof, to keep the· burial lot of myself and my late husband, John T. Robinson, in Spring Forest Cemetery, and the monument and improvements thereon, in good repair;. and my said executor and trustee is authorized to spend so much of the principal, from time to time, if any be necessary to keep up said repairs; and when my executor shall desire to relinquish said trust then I give the said fund, or so much thereof as may remain. to the directors and trustees of Spring Forest Cemetery, in trust, to be invested, held and used for the purposes aforesaid, and in the manner aforesaid.

"Third: To the Susquehanna Valley Home of said city I give and bequeath the sum of Five Hundred ($500) Dollars for the use and benefit of the Industrial School connected with said home.

"Fourth: To my executor hereinafter named I give and bequeath all the rest. residue and remainder of my property, both real and personal, and wheresoever situate, to collect the obligations due me, and sell .my real estate as fast as practicable, and to invest the funds and avails so received in good interest bearing securities, and to keep the same invested in such securities, and to pay over the interest and income thereof, from time to

time, or so much thereof as may be necessary, to my daughter, Louise G. Robinson, for her proper support and maintenance; and when my said daughter shall attain the age of thirty years, then to pay, deliver, transfer and make over to her all of said investments, income and property of every name and kind, to be hers absolutely and forever cleared and freed of said trust.

"Item. I give to my executor hereinafter named full power and authority to sell and convey any or all of my real estate, and to give good and sufficient deeds or conveyance thereof, with common covenants of warranty.

"Likewise I make constitute and appoint John W. Kennedy, trustee under and to be executor of this my last will and testament, hereby revoking all former wills by me made.

"In witness whereof, I have hereunto subscribed my name and affixed my seal, the first (1st) day of March, in the year one thousand, eight hundred and ninety-eight. Lockie L. G. Robinson. [Seal.]"

Argued before PARKER, P. J., and SMITH, LYON, CHASE, and CHESTER, JJ.

W. J. & F. W. Welsh (W. J. Welsh, of counsel), for plaintiff.
Jerome De Witt, for defendants.

SMITH, J. In Morris v. Sickly, 133 N. Y. 456, 31 N. E. 332, the headnote reads:

"While circumstances surrounding the testator at the time of making a will may, where the language of the will is of doubtful import, be proved for the purpose of arriving at the testator's intent, the intent then existing, when ascertained, must have effect, and may not be varied by after-occurring events, and so, circumstances occurring after the execution of the will, and which could not have been within the contemplation of the testator at that time, may not be availed of as showing a different intent.

"The will of G., after providing for the payment of debts, etc., gave two legacies amounting to $2,000; one of $1,800 to plaintiff, her sister, in whose family she resided. Her residuary estate she gave to beneficiaries named. At the time the will was made G. owned no real estate, but had personal property of the value of about $2,500. A year after, she purchased of plaintiff and her husband certain real estate, for which she paid $2,000, and thereafter, and at the time of her death, her personal property amounted to but about $500. *Held*, that plaintiff's legacy was not chargeable upon the real estate."

This case seems determinative of the case at bar. The will in the case at bar was executed March 1, 1898. It provides for only $2,500 of legacies. At the time of the making of the will the testatrix owned personal property worth about $15,000, including a mortgage upon which was due upwards of $10,000. Her debts at the most could not exceed $5,000. She had at that time real property of the value of $7,000. There is no question, therefore, that at the time of the making of the will her personal property was abundant to pay the legacies and leave a large surplus for the residuum. Such circumstances would seem to negative any intention to charge the real estate with the payment of the legacies, and, as the intent to charge must exist at the time of the making of the will, the plaintiff's position would seem to be untenable. The case cited seems also to hold that notwithstanding the personal property, which was apparently relied upon to pay this legacy, was converted into real property, nevertheless that could not change the rule of law which requires the legacies to be satisfied from the personal property. Nor could such fact relate back to the time

of the making of the will for the purpose of implying in the testatrix an intent that the legacies should be a charge upon that real estate. It is contended that in the residuary clause is a power of sale, which is superfluous unless for the purpose of satisfying the legacies. On the contrary, the sale of the real estate was directed for a specific purpose, to wit, for the creation of a fund which the trustee should hold for the benefit of the residuary legatee. It is claimed, further, that the blending of the real and personal property in the residuary clause had the effect to charge the legacies upon the real estate; but this blending is not significant where the main object of the testatrix's bounty was provided for by the residuary clause. Bevan v. Cooper, 72 N. Y. 317. We conclude, therefore, that this real estate cannot be resorted to for the payment of plaintiff's legacy, and that the contention of the defendant must be sustained, with costs. All concur.

