Matter of the Estate of EDWARD A. BEACOM, Deceased.

(Surrogate's Court, New York County, December, 1919.)

Wills — construction of — power of sale — when legacies are a charge upon real estate — personal property — executors and administrators — devise.

Where the personalty is grossly out of proportion to the legacies the courts are inclined to make them a charge upon the real estate.

A testator who died in 1913, seized of four distinct parcels of real estate, only one of which was specifically devised, left a will executed in 1907 by which the residuary estate was given to his widow. The will did not charge testator's real estate with the payments of legacies to his children and grandchildren, but did vest in the executors a full power of sale to sell any of the real estate, including that specifically devised to his daughter provided she gave her written consent thereto. Upon the settlement of the accounts of the executor it appeared that when the will was made, the only property testator had was money in bank with which he ran his business of renting and selling real estate, the income of which was about $1,000 a year, and that he was just able to carry things along. As a result of the administration of the estate there were no personal assets with which to pay the legacies, which amounted to $5,100. *Held,* that as testator must have known that the legacies could not be paid without resorting to the real estate, they were a charge thereon, and that the executor had power of sale over it.

PROCEEDINGS upon judicial settlement of the account of executor.

Arthur Knox, for executor.

Surrogate's Court, New York County, December, 1919.   [Vol. 109.

Henry Hogeboom (Lilian Herbert Andrews, of counsel), for contestants.

Charles M. Bleecker, special guardian.

FOWLER, S.   In the accounting proceeding herein the only question to be decided is whether certain pecuniary legacies provided for by the will of testator were intended by him to be charged on and payable out of the proceeds of his real estate.   The will provides for legacies aggregating $5,100, and his residuary estate is given to his widow.   The will does not specifically direct that these legacies be charged on the real estate, but it contains a power of sale in the following terms: "*Fourteenthly:* I hereby nominate, constitute and appoint my friends Arthur Knox and Roderick Stephens executors of this my will, giving and granting to them or such of them as shall qualify, full power of sale over the whole or any part of my property, real or personal, wheresoever situate, with full power to make, execute and deliver good and sufficient deeds or conveyances thereof or any part thereof.   They shall have power of sale over any of my real estate, including premises 608 Mott avenue, which may be sold, however, only provided the said Rebecca M. Schaeffer individually shall give her written consent to the said sale."

The will of the testator was made in July, 1907, and he died in March, 1913.   Thereafter the widow of the testator died.   Evidence was given that at the time the testator made his will he was engaged in the business of renting and selling real estate; that he had no kind of personal property, bonds or stocks; that whatever money he had in bank was to run his business, the income of which was near $1,000 a year, and that he was simply able to carry things along.

It appears by the account of the executor that the

personal estate amounted to $1,184.80, his debts amounted to $781.22 and the expenses of administration so far as shown by the account amounted to $217.20. As a result there will be no personal estate out of which to pay the legacies.

Decedent also left four one-family houses, one on Mott avenue, which was devised to a daughter and her husband for life, with remainder over. The other three were on Walton avenue, and were not specifically devised.

The principal legacies were as follows: $2,000 for the benefit of four grandchildren; $500 for the mother of the grandchildren; $1,000 for his daughter, in addition to $600 he regarded he was indebted to her for advances to him; $1,000 for an infant granddaughter, not yet named.

As I said in *Matter of Lummis,* 101 Misc. Rep. 258, 269: " The real question in each case of construction seems to be whether or not the will, when construed in the light of extrinsic circumstances, evinces an intention that the legatees should be paid at all events. It is for that reason that throughout this case before me so much stress has been placed upon the amount of personalty owned by the testator at the time of his testament. Where the personalty is grossly out of proportion to the legacies the courts are inclined to impose a charge upon the land; otherwise the will would be a vain and useless act on the part of the testator." See *McGoldrick* v. *Bodkin,* 140 App. Div. 196.

Under the circumstances in this case the testator must have known that the legacies to his children and grandchildren could not be paid without resort to the real estate, and I am of the opinion that that was his intention. See, also, *Ely* v. *Megie,* 219 N. Y. 112, and *Carley* v. *Harper,* Id. 295.

Surrogate's Court, New York County, December, 1919.     [Vol. 109.

I decide, therefore, that the general legacies are a charge on the Walton avenue property and that the executor has power of sale over the same.

Decreed accordingly.