In the Matter of the Judicial Settlement of the Accounts of HELEN ALICIA McARDLE, as Executrix and Trustee, etc., of PATRICK J. McARDLE, Deceased.

EDWARD F. MURRAY and MARY MURRAY McARDLE, Appellants; HELEN ALICIA McARDLE, as Executrix and Trustee, etc., of PATRICK J. McARDLE, Deceased, and Others, Respondents.

Third Department, November 15, 1922.

**Wills — construction — general legacies followed by residuary bequest in trust — will did not specifically make legacies lien on real estate — personal property insufficient to pay general legacies and represented but small part of estate — evidence admissible to show circumstances and conditions concerning property for purpose of showing testator's intention that general legacies should be charge on real estate.**

Under a will which contains general legacies of money, followed by a residuary devise of the balance of the estate in trust, and which does not make the general legacies a lien on the real estate, it is proper, upon the judicial settlement of the account of the executrix and trustee, to admit evidence of circumstances and conditions concerning the testator's property for the purpose of ascertaining the actual intention of the testator and to show that it was his intention

that the general legacies should be a charge upon the real estate, where it appears that the personal property is insufficient to pay the general legacies, and that the estate consists largely of real estate.

A gift of general legacies followed by a residuary clause is not inconsistent with an intention on the part of a testator to charge the legacies on the land.

APPEAL by Edward F. Murray and another from a decree of the Surrogate's Court of the county of Albany, entered in said Surrogate's Court on the 23d day of December, 1921, judicially settling the accounts of Helen Alicia McArdle, as executrix and trustee under the will of Patrick J. McArdle, deceased.

*James Farrell,* for the appellants.

*Arthur L. Andrews,* for the respondent, executrix and trustee.

*Nicholas J. Barry, Jr.,* special guardian for the respondents Helen M. Blake and others.

*J. Sheldon Frost,* for Stephen J. Daring, special guardian for the respondents Marion McArdle and others.

*Edward J. McCrossin,* special guardian for the respondents Edward J. McCrossin, Jr., and others.

KILEY, J.:

On the 9th day of May, 1915, Patrick J. McArdle died at the city of Albany of which city he was a resident. He left a last will and testament dated and executed by him on the 30th day of December, 1913. By the first item of his will he left to two of his children, Charles P. McArdle and Helen Alicia McArdle, each the sum of $50,000. The residue of the estate he gave to his executrix and trustee in trust directing that said residue be divided into as many equal parts as he should have children living at the time of his decease, and the families of those who predeceased him. The testator did not, by any provision of his will, make the legacies a lien upon any of the real estate of which he should die seized. Some time previous to November, 1921, and it is to be presumed after the probate of said will, the legatee, Charles P. McArdle, named in the first item of said will, assigned his legacy to Edward F. Murray and Mary Murray McArdle. On November 3, 1921, Helen Alicia McArdle was the sole remaining executrix and trustee of said will, and on that day she filed her petition with the Surrogate's Court of Albany county, praying for a judicial settlement of her account as such executrix and trustee. The petitioner charges herself with the amount of Schedule A, constituting personal property, to the amount of $3,557.25, and Schedule C, constituting rents and the proceeds of the sale of real estate, $16,474.34. From

these amounts she had paid expenses and had distributed, as trustee, to the beneficiaries under the trust provisions of the will, so that she had on hand for distribution at the time of filing her account only $9,645.22. It appears that testator's estate consisted largely of real estate. In the citation issued, the names of the appellants, Edward F. Murray and Mary Murray McArdle, do not appear. However, they appeared on the return day and filed objections to the account. The effect of such objections and the purpose indicated before the surrogate was to show that testator intended to make the legacy of which they were assignees a lien upon his real estate, and offered to prove the condition of the estate at the time of making the will and date of death. The surrogate ruled as follows: "The offer of proof is refused on the ground that there is no ambiguity in the will." While the record does not disclose that any witnesses were called, it appeared upon the argument that it was stipulated between the attorneys that the question should be raised before the surrogate and a ruling had before expense for witnesses had been incurred. That was the course followed. Proof was ruled out, objections overruled, and decree rendered December 23, 1921. The assignees and objectors have appealed and bring up the single question, is such proof as was contemplated competent? Should it have been admitted? In words, should the objecting parties have been permitted to attempt to show that circumstances and conditions were such, so far as testator's property was concerned, that an issue of fact would be presented as to whether testator did, or did not, intend to make the legacies given under his will a lien upon his real estate. It appears beyond contrary inference that, to create the trust fund provided for in said will, the testator intended that his real estate should be converted into money (personal property). The respondent trustee urges that the ruling of the surrogate was correct and should be adhered to on this appeal, citing *Bevan* v. *Cooper* (72 N. Y. 317). In that case it was held that the surrogate did not have jurisdiction, but in the course of the opinion it is said: "There are some rules which are well settled as to the payment or charging of general legacies. One is that the primary fund for the payment of them is the personal estate. It is one which is to be observed, unless express direction otherwise is found in the will, or there be a clear intent to the contrary to be gathered from the provisions of the will, which may be assisted by the extraneous circumstances of the case." In *Brill* v. *Wright* (112 N. Y. 129), also cited by that respondent, we find the following doctrine laid down by ANDREWS, J.: "Where in a will general legacies are given, followed by a gift of all the rest and residue of the real and personal property of the testator, by a

residuary clause in the usual form and nothing more, it must now, we think, be regarded as the established rule in this State that the language of the will alone, unaided by extrinsic circumstances, is insufficient to charge the legacies upon lands included in the residuary devise." The learned judge after further considering the question says: " The courts, however, have held that a gift of general legacies, followed by a general residuary clause, is not inconsistent with an intention on the part of a testator to charge the legacies on the land. They have, therefore, permitted extrinsic circumstances to be considered for the purpose of ascertaining the actual intention of the testator and in some cases by reading the language of the will in the light of the circumstances, have inferred an intention to charge legacies on the land and given effect to such intention, although the language considered, independently of the circumstances, would not alone justify such an inference." In addition to the foregoing I think *Ely* v. *Megie* (219 N. Y. 112) and *Carley* v. *Harper* (Id. 295) are decisive of this appeal in favor of the appellants' contention. We do not intend to intimate what evidence will be competent and proper upon the hearing, but do hold that such evidence, if competent, may be offered and received upon the question as to whether testator intended to make the legacy in question a lien upon his real estate.

The decree should be reversed and the matter remitted to the Surrogate's Court, with costs to abide the event.

H. T. KELLOGG, Acting P. J., VAN KIRK, HINMAN and HAS-BROUCK, JJ., concur.

Decree reversed on the law, with costs to the appellants to abide the event, and matter remitted for further hearing in the Surrogate's Court.