In the Matter of the Judicial Settlement of the Account of Proceedings of KATHERINE M. ARMENY, as Executrix, etc., of GYULO ARMENY, Deceased.

Surrogate's Court, Bronx County, March, 1923.

**Wills — construction — personalty insufficient to pay legacies — when legacies a charge on real estate.**

Where the personalty of the estate of a decedent has been exhausted in payment of his debts the question whether pecuniary legacies are chargeable upon his real estate is one of intention.

Where such legacies are not expressly made a charge upon the real estate the intention of the testator may be determined by the will and the extrinsic circumstances.

Testator left him surviving his wife, four children by a former marriage, and five children by his second marriage. He gave and bequeathed to his wife the sum of $3,000, to two of his daughters $1,000 each, to another $3,000, and to a son $10, the four children being the issue of the first marriage. All the rest, residue and remainder of his property, both real and personal, was given to his wife with explanation that no provision for the children of the second marriage was made because of testator's full confidence that his wife would do what was best according to her own judgment. The financial condition of decedent at the time of the execution of the will which contained no power of sale was such that if all of his debts had been paid, his personalty would have been insufficient to pay any part of the legacies.

*Held,* that said legacies were chargeable against the real estate and payable therefrom.

PROCEEDING to settle executrix's accounts.

*Francis W. Pollock,* for petitioner.

*L. & A. U. Zinke,* for claimant Julie Rondel.

SCHULZ, S. The accounting executrix in her petition and account requests that the will of the decedent be construed and that the court determine whether or not certain legacies should be charged against the decedent's real estate.

The testator executed his will on May 22, 1919, and died on April 10, 1920. He left him surviving his wife, four children by a former marriage and five children by his second marriage. In his will he gave and bequeathed to his wife the sum of $3,000, to two of his daughters $1,000 each, to another daughter $3,000, and

to a son $10, the four children being the issue of the prior marriage of the decedent. He then gave all the rest, residue and remainder of his property " both real and personal and wheresoever situated " to his wife and explained that he had made no provision for the children of his second marriage because he had full confidence that his wife would do what was best according to her judgment.

The question involved is whether the pecuniary legacies mentioned are chargeable upon the real estate of which the decedent died seized. If they are not, they cannot be paid because the personalty of the estate appears to have been exhausted through the payment of debts.

That the personalty is the primary fund for the payment of general legacies is well settled (*McManus* v. *McManus*, 179 N. Y. 338; *Hogan* v. *Kavanaugh*, 138 id. 417; *Hoes* v. *Van Hoesen*, 1 id. 120), and not disputed, but whether in any given case, where there is no personalty to pay the same, such legacies are chargeable upon the real estate or not, is entirely a matter of intention on the part of the testator. *Carley* v. *Harper*, 219 N. Y. 295; *Ely* v. *Megie*, Id. 112; *McManus* v. *McManus, supra; Hogan* v. *Kavanaugh, supra; Briggs* v. *Carroll*, 117 N. Y. 288; *Matter of McArdle*, 203 App. Div. 324. Where he has not expressly so provided, the question is one which may be determined from the document itself, and from extrinsic circumstances. See cases cited *supra*.

It was agreed by counsel that the court consider all the papers and records on file relating to the estate of the decedent from the filing of the petition on probate, down to the conclusion of the last litigated claim, including a transcript of the evidence taken on the hearing of such claim, with the same force and effect as though they had been offered in evidence in this matter.

After due consideration, I am satisfied that this decedent intended to have the legacies paid out of his whole estate and made no distinction between the personal property and real estate and that the personal property being exhausted, the said legacies are payable out of and chargeable against the real estate.

Among the facts which I deem established and the authorities which lead me to this conclusion, are the following:

The financial condition of the decedent at the time that he made the will was such that if all of his debts had been paid, his personalty would have been insufficient to pay any part of such legacies. The court is warranted under circumstances such as these in considering the financial condition of the testator at the time he made the will in order that his intent may be ascertained and given effect. *Ely* v. *Megie, supra; Irwin* v. *Teller*, 188 N. Y.

25; *Matter of Herborn,* 189 App. Div. 319; *Estate of Beacom,* 109 Misc. Rep. 469.

The testamentary dispositions adverted to could not be carried out if only his personal property was used for the purpose, and this must have been known to him when he made his will. I am not warranted in reaching a determination which would deprive the legatees of their legacies and impute to the testator testamentary dispositions which he knew could not be carried out, especially as the same were made, not to strangers, but to his wife and some of his children. *Carley* v. *Harper, supra; McCorn* v. *McCorn,* 100 N. Y. 511; *Hoyt* v. *Hoyt,* 85 id. 142; *McGoldrick* v. *Bodkin,* 140 App. Div. 196.

The will contains a power of sale, which, while of itself not conclusive (*Schmidt* v. *Limmer,* 91 App. Div. 360), is one of the matters deserving consideration. *Carley* v. *Harper, supra; Kalbfleisch* v. *Kalbfleisch,* 67 N. Y. 354; *Wellbrook* v. *Otten,* 35 Misc. Rep. 459.

The residuary clause mingles the real and personal property, another fact which, standing alone might not be determinative, but when taken in connection with the other matters adverted to, is entitled to some weight. *Morris* v. *Sickly,* 133 N. Y. 456; *Brill* v. *Wright,* 112 id. 129; *McCorn* v. *McCorn,* 100 id. 511; *Harvey* v. *Kennedy,* 81 App. Div. 261.

Settle decision and decree accordingly.

Decreed accordingly.