ANNA M. SMITH, RESPONDENT, *v.* JOHN ATHERTON, EXECUTOR AND LEGATEE OF WILLIAM ATHERTON, DECEASED, APPELLANT, IMPLEADED WITH BENJAMIN COLERICK AND OTHERS.

*Will — a devise to a son, followed by a bequest of the residue to such son after payment of the testator's debts, and the appointment of the son as executor, does not charge the real estate devised with the payment of the debts.*

A testator by his will devised to his son, John Atherton, certain real estate in fee, and after making certain money bequests, provided in the residuary clause of his will as follows: "I give and bequeath to my son, John Atherton, before mentioned, the balance of my personal property, after his paying all just claims and demands against said estate, and I hereby appoint him to be sole executor to this my last will and testament."

The son qualified and entered upon the discharge of his duties as executor and accepted the devise of the real estate.

*Held,* that the legacies given by the will were not, by the terms of the residuary clause thereof, made a charge upon the real estate devised thereby to the son of the testator.

APPEAL by the defendant, John Atherton, from a judgment entered, upon the report of a referee, in the office of the clerk of Allegany county, on the 27th day of September, 1883.

*Adelbert Moot,* for the appellant.

*G. W. Harding,* for the respondent.

BARKER, P. J.:

The question presented by this case is, whether the $600 to the plaintiff given by the fourth clause of the last will and testament of

William Atherton was made a charge upon the real estate specifically devised by a previous clause of the same will to the appellant, John Atherton? The appellant was the only son of the testator, and the respondent was his granddaughter, who had, during many years of her infancy, resided with him as a member of his family. The testator, at the time of making his will, and at the time of his death, resided on the premises, a farm containing about seventy-five acres, and he owned no other real estate. The wife of the testator survived him, and she has a right of dower in the premises. The personal property which came to the hands of the executor was sufficient in value to pay all the testator's debts, but not to pay off the legacies in full. By the first clause of the will the testator gave to his wife, during her natural life, the use of the house on the premises, and the furniture therein, "together with everything necessary to make her comfortable." By the second clause he devised to his son, the appellant, the fee of the premises in question. By the third, fifth and sixth clauses of the will, he made small bequests to his children and grandchildren, and by the fourth clause he gave to the respondent the legacy in question in language as follows: "Fourth. I give and bequeath to my grandchild, Anna Maria Brady, $600, to be paid to her at her arriving at the age of twenty-one years, or sooner if she shall marry and want it before arriving at that age. The interest on the above to be paid to her yearly. I also give to her the balance of my household furniture, after my wife, Elenor Atherton, is through with the same." The residuary clause is as follows: "Seventh. I give and bequeath to my son John Atherton, before mentioned, the balance of my personal property, after his paying all just claims and demands against said estate, and I hereby appoint him to be sole executor to this my last will and testament, hereby revoking all former wills by me made."

This will was executed on the 3d day of May in the year 1869. On the 15th day of September, 1871, the testator added a codicil, in which he recited that he had paid off a legacy of $600 to his daughter Lydia, and for that reason he revoked the same, and that another of the legatees had died, and for that reason he revoked that bequest. He then, in some respects, changed the character of the bequest to his daughter, the plaintiff, giving her, however, a legacy of $600, in the precise language in which that sum was given

by the fourth clause of the original will, which has been quoted, and then made some special bequests of household furniture, which it is unnecessary to mention. The appellant caused the will to be probated and received letters testamentary, and entered upon the discharge of his duties as executor, and accepted the devise of the real estate.

The rule is well established that the personal estate of the testator is the primary fund for the payment of general legacies, and it is the only fund out of which the same can be paid unless express direction or a clear intention otherwise is found in or may be gathered from the will in connection with surrounding circumstances. (*Lupton* v. *Lupton*, 2 Johns. Ch., 614; *Bevan* v. *Cooper*, 72 N. Y., 317.) Following this rule as a guide, we will inquire if, by the terms of the will and the extrinsic facts and circumstances connected therewith, the case indicates an intention on the part of the testator that the legacy to the plaintiff should be paid at all events, and if the personal property was insufficient for that purpose, then, that the same should be a charge on the real estate devised to his son, the appellant.

I am unable to discover an intention on the part of the testator, from the terms of the will, that it was his purpose to diminish the value of the gift of the fee of the land to his son by the payment of the whole or any part of the legacy in question. Nor do the extraneous facts and circumstances connected with the provisions of the will produce on my mind a contrary impression. It is to be observed that the devise of the land is specific, and precedes in the order of the gifts all the legacies, except the provisions for the support and maintenance of his widow. This is a controlling circumstance and distinguishes the case from those which have been cited in support of the respondent's contention. It is not sufficient that the debts or legacies are directed to be paid to make them a charge upon the real estate devised to other persons. That alone does not create a charge; but they must be directed to be first or previously paid, or the devise declared to be made after they are paid. There is no such language here, nor is there any in the residuary clause which supports the respondent's argument. It may be asserted that it has never been decided in any of the courts of this State, where there has been a specific devise of real estate, that general legacies have been made a charge thereon, unless by the will the devisee has

been directed to pay the same or the devise was made upon the condition that the legacy should be paid. When the devise of land is specific, it is in the nature of a grant, and the devisee takes an absolute and unconditional title, unless there is something in the other provisions of the instrument, containing the devise, indicating a contrary intention on the part of the devisor. In such a case extraneous facts and circumstances alone cannot be resorted to for the purpose of creating a charge on the premises devised for the purpose of paying off legacies. The nature and extent of the gift or devise must be indicated by the terms of the instrument, if these propositions are accepted as true, there is nothing upon which an argument can be based in support of the plaintiff's position.

The cases cited by the learned counsel for the plaintiff in support of the judgment involved more than is found in this will, for in those cases there is a direction that the legacies be first or previously paid, or the devise is to a person with directions that he pay the legacy. It is insufficient to create a charge where the direction simply is that the legacy be paid. The cases in this State settle and affirm this proposition, that general provisions in a will giving legacies, followed by the usual residuary clause devising real estate, is alone insufficient to charge the legacies on the land devised. (*Brill* v. *Wright*, 112 N. Y., 135.) As the legacy in question was general and the devise was specific, the proposition stated determines that the legacy cannot be held a charge on the lands devised by reason of anything appearing on the face of the will.

The case last cited also states the further proposition that where the legacy is general and the devise is by the usual residuary clause, such language will justify such charge if it is made to appear by extraneous circumstances, such as may be under the rules of law resorted to to aid in the interpretation of written instruments, that it was the testator's intention that the legacy should be charged on the land ; but this proposition, taken as a whole, does not permit the respondent to found an argument thereon, in support of the judgment, for the devise of the land is not contained in the residuary clause of the will. The counsel for the respondent does not contend against the proposition just stated, but relies mainly upon the point that the devise was upon the condition that the devisee pay the general legacies. The only provision in the will upon which this

point can rest for support is found in the residuary clause. There the gift to the devisee was the balance of the testator's personal property after payment of " all just claims and demands against his estate." This provision has no relation whatever to the real estate previously devised, for all he owned of that kind of property he had given by a previous clause in the will to his son, and the request contained in the last and residuary clause related wholly to personal property.

It is also contended by the respondent that, as the devisee was appointed executor of the will, and he accepted the devise, he became personally liable to pay the legacy, and the same may be made an equitable charge upon the land. He relies upon this proposition as stated in *Brown* v. *Knapp* (79 N. Y., 143), " that when a legacy is given and is directed to be paid by the person to whom real estate is devised, such real estate is charged with the payment of the legacy. And the rule is the same when the legacy is directed to be paid by the executor, who is the devisee of real estate." In the case before us the legacy is not directed to be paid by the devisee John Atherton, nor is he, as executor, personally required to pay the same. The legacy is a common pecuniary one, for the language of the bequest is : " I give and bequeath to my grandchild, Anna Maria Brady, $600, to be paid to her on her arriving at the age of twenty-one years, or sooner, if she shall marry and want it before coming of that age. The interest on the above sum to be paid to her yearly."

This is nothing but a simple gift fixing the time of payment, and that the same bear interest until paid ; if the direction had been that the legacy be paid by John Atherton, or that the executor named in the will should pay the same, then the case would be brought within the rule as before stated, for by the use of the word executor it would indicate that the testator intended and referred to the devisee, as thereafter named, as the executor of the will. To make the devisee personally liable, or to charge the legacy upon the land devised, the language must be clear and certain, containing a personal direction or request that the devisee pay the legacies, otherwise the devisee of real estate would be personally liable for the payment of common or general legacies in every instance where he accepted the land devised. An examination of the cases will show, as we think, that in every instance where the proposition has been held to apply and the lands charged with the legacy the devisee

was expressly and personally required or directed to pay the legacy. In *Harris* v. *Fly* (7 Paige, 421) the testator devised to his son in fee a tract of land, and this was followed by a bequest to his daughters of pecuniary legacies to be paid by his son, the devisee of the real estate, and it was held that the legacies were a charge upon the premises. The chancellor stated the rule to be, that the personal estate is the primary fund for the payment of debts and legacies. "If the testator, therefore, gives a legacy without specifying *who* shall pay it, *or out of what fund it shall be paid*, the legal presumption is that he intended it should be paid out of his personal estate only, and if that is not sufficient the legacy fails. So if he directs his executors to pay a legacy without giving to them any other fund, than the personal estate out of which they can pay it. But where the real estate is devised to the person who by the will is directed to pay the legacy, it has frequently been decided that such legacy is an equitable charge upon the real estate so devised, although the devisee is also the executor, or is the residuary legatee of the personal estate, unless there is something in the will itself to indicate a contrary intention on the part of the testator. Thus, in the case of *Alcock* v. *Sparhawk* ( 2 Vern. Rep., 228), where the testator devised his real estate to his brother, and then gave a legacy. of £200 to the complainant, to be paid by his executor within five years, and appointed the devisee the sole executor of his will, desiring him to see it performed, it was held that the real estate devised to the brother was charged with the payment of the legacy, the personal estate proving insufficient for that purpose.". In *Brown* v. *Knapp* (*supra*) the bequest was : " I give and devise and bequeath to my grandson, Samuel Herbert Brown, the sum of $3,000, and direct my executor, *hereinafter* named, to pay to him the said sum when he shall attain the age of twenty-one years ; " and the residuary clause of the will was as follows : " The rest, residue and remainder of my real and personal estate, I give, devise and bequeath to my son William S. Brown, and I constitute and appoint him sole executor of this my will ; " and it was held that the devisee of the real estate was personally liable for the payment of the legacies to the grandson, and that the same would become a charge in equity upon the real estate devised.

From the language used in the will it cannot be fairly held that the devise 'was conditional or any expectation expressed that the devisee should make payment of any of the legacies, or that he should, as executor, pay the same except from the personalty. The testator was a small farmer and his personal estate was not large, and it may be assumed that when he made his will, and added thereto the codicil, that he was familiar with the condition of his personal property, and that he intended that all the legacies should be paid in full. There is no presumption that when the will was made that his personal estate was not adequate for that purpose, If it was not, and the fact was material, the burden of establishing it was upon the legatee, who is seeking to charge the real estate devised to another with the payment of the legacy. There is much evidence tending to show that, as a matter of fact, the testator relied and acted upon the assumption that his personal property would pay off the legacies, and it has not been found as a fact that the personal property was insufficient to pay the debts and legacies at the time of the making of the will and also of the codicil. Between the time of the making of the will and the date of the codicil the testator had paid off the legacy of $600 to his daughter, Lydia, and by his codicil revoked it. The referee has found that the personal property which came to the hands of the executor amounted to $256 more than the debts and funeral expenses, and the costs and charges of administering the estate, so that it appears that, at the time of the death of the testator there was enough of the personal property to pay debts and legacies in full, within $444, which is a sum so small that it is fair to presume that the testator believed when he made his will, and also at the time he added the codicil, that his personal property would pay the legacies in full, and that his son would enjoy the real estate free from the charge to pay the legacies, or any part thereof, as the fact is not found that, at the time of making of the will, the personal estate was not ample to pay debts and legacies in full. (*Brill* v. *Wright*, 112 N. Y., 136.)

Judgment should be reversed and new trial granted before another referee, with costs to the appellant to abide the final award of costs.

DWIGHT and MACOMBER, JJ., concurred.

Judgment reversed and new trial granted before another referee, with costs to appellant to abide the final award of costs.