WILLIAM H. HILTON, as Receiver of the KILMER MANUFACTURING COMPANY, Respondent, *v.* MORRIS L. ERNST and CARL ERNST, Appellants.

APPEAL — QUESTION OF LAW NOT PRESENTED BY THE RECORD. Upon an appeal from a judgment of the Appellate Division, entered upon a unanimous decision that there is evidence supporting or tending to sustain the findings of fact of a referee, the Court of Appeals cannot review a question of law arising upon conceded facts not appearing in the findings of the referee.

*Hilton* v. *Ernst*, 38 App. Div. 94, affirmed.

(Argued December 15, 1899; decided January 9, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 7, 1899, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. J. Dittenhoefer* for appellants. No question of fact is presented on this appeal, but only one of law. (*Otten* v. *M. Ry. Co.*, 150 N. Y. 395; L. 1882, ch. 409, § 187; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166; *Snyder* v. *Seaman*, 157 N. Y. 449; *E. V. B. Co.* v. *Prosser*, 157 N. Y. 289; *Griggs* v. *Day*, 158 N. Y. 1; *Laidlaw* v. *Sage*, 158 N. Y. 73; *People ex rel.* v. *R. R. Comrs.*, 158 N. Y. 421; *Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254; *Marden* v. *Dorthy*, 160 N. Y. 39; *Reed* v. *McCord*, 160 N. Y. 330.)

*Charles F. Brown* for respondent.

BARTLETT, J. This action is brought by the plaintiff, as the receiver of the Kilmer Manufacturing Company, to recover of the defendants property transferred to them by the corporation when insolvent, with intent to give a preference in violation of the Stock Corporation Law, section 48, which reads in part as follows: "No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made, judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation shall be valid."

The defendants had from time to time made considerable loans to the company and were large creditors at the time of its insolvency. When a loan was made the corporation executed a note and secured it by the transfer of accounts for goods sold by the company.

It is found that in October, 1895, when the accounts sought to be recovered in this action were assigned, the corporation was insolvent.

The defendants endeavor to sustain the assignments on the ground that they were made to take the place of accounts previously assigned and which had been thereafter unlawfully collected by the corporation; that such assignments did not

constitute a preference, as they were simply carrying out the original agreement in the premises and related back to the transfer of the accounts improperly collected.

The defendants' difficulty is, as brought out on the argument, that no such agreement was found by the referee, and this appeal is from a judgment entered on the unanimous decision of the Appellate Division.

The appellants' counsel, in the brief he has served since the argument, urges that he desires to discuss a question of law on conceded facts not appearing in the findings of the referee.

This he cannot do with a unanimous decision against him on the Appellate Division that there is evidence supporting or tending to sustain the findings of fact. The Constitution prohibits the review of that decision in this court.

The facts as found are absolutely conclusive here. The appellants can neither add to them, nor take from them, by urging that as a question of law there are facts not found which rest on undisputed evidence, and facts found which are unsupported by any evidence.

The element of finality as to the facts, given to the unanimous decision of the Appellate Division by the Constitution, would be defeated if this could be done.

It is clear, under the facts as found, that the relation between the corporation and defendants was that of debtor and creditor, whether growing out of the original loans of the defendants, or by reason of tortious collections made by the corporation of accounts it had previously assigned.

The assignments of accounts now attacked were made with this relation existing, when the corporation was insolvent and with intent to give a preference. It follows that the statute was violated and the judgment must stand, as there are no questions of law presented by this record which we can consider.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.