THOMAS KREKELER, Appellant, *v.* BARBARA AULBACH, Respondent.

APPEAL — UNANIMOUS AFFIRMANCE. An exception to a finding of fact unanimously affirmed by the Appellate Division presents no question reviewable by the Court of Appeals, and where the facts as found justify the conclusions of law and no other exceptions appear which present any questions of law, the judgment must be affirmed.

*Krekeler* v. *Aulbach,* 51 App. Div. 591, affirmed.

(Argued December 2, 1901; decided January 14, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 6, 1900, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William H. Stockwell* and *Edward E. Sprague* for appellant.

*Edward F. Hassey* for respondent.

GRAY, J. As this case is brought before us, upon this appeal, we are without power to consider the legal questions presented by the counsel for the appellant. They are not raised by any exceptions. The plaintiff sought in this action to recover back a deposit of money, made by his assignor on account of the purchase price of certain premises in the city of New York, and the expenditures incurred in an examination of the title, upon the ground of the defendant's inability to perform her agreement to convey them free from all incumbrances, except as assumed. Upon the trial of the action, the complaint was dismissed on the merits; the trial judge rendering his decision upon the issues in the form of findings of fact and conclusions of law. He found, merely, those facts which related to the making of the contract between the parties for the sale and purchase and its terms. He then found, " Fifth, that at the time when said deed was to be delivered and the balance of the money paid in pursuance of the said agreement, and change between  * * *  the parties, the defendant was ready, able and willing to perform, and offered to perform, and did perform said contract and tendered plaintiff a proper full covenant and warranty deed of said premises, as required by the contract, and demanded performance by the plaintiff; but that the plaintiff, without just cause, was not ready, and also refused to perform said contract on his

part, and rejected the deed, and refused to accept the tendered deed and title, or to pay the balance of the purchase money." The trial judge then found, as conclusions of law, that the defendant offered plaintiff a good and marketable title and has performed all the conditions of the contract on her part; that the plaintiff has not performed the conditions of the contract on his part and that the defendant is entitled to judgment in her favor against the plaintiff, dismissing the complaint on the merits. The plaintiff filed exceptions to the fifth finding of fact and to the conclusions of law. The judgment, which was entered upon this decision, was unanimously affirmed by the Appellate Division and it must be conclusively presumed by us that the findings were supported by the evidence. The exception to the fifth finding of fact is, therefore, unavailing and the exceptions to the conclusions of law only raise the question whether the facts, as they were found, support those conclusions. The jurisdiction of this court has been limited by the Constitution of the state to questions of law and they must be presented by exceptions. When, as in the present case, the unanimous decision of the Appellate Division has withdrawn from our review the evidence upon which the findings of fact are based, there is nothing left for us to do, but to affirm the judgment; if the facts as found justified the legal conclusions stated and no other exceptions appear which present any question of law. If the error in the decision of the case, which the appellant relies upon, is predicated upon undisputed evidence, which, however, is not contained within a finding of fact, we cannot consider it. (*Marden* v. *Dorthy*, 160 N. Y. 39, 45; *Hilton* v. *Ernst*, 161 ib. 226, 228; *Clark* v. *National Shoe and Leather Bank*, 164 ib. 498, 501.)

The objections, which are made by the plaintiff to the marketability of the title of the defendant, were based upon the allegations that mortgages were outstanding of record, which were liens upon the premises, and that the title was incumbered by a covenant running with, and restricting the use of, the land. If these facts had been incorporated into the find-

ings of fact, plaintiff would then have been in a position to present to us the question of law, whether the legal conclusions were justified upon the facts as they were found.

The judgment must be affirmed, with costs.

PARKER, Ch. J., BARTLETT, MARTIN, VANN and WERNER, JJ., concur; CULLEN, J., not voting.

Judgment affirmed.