JAMES V. McMANUS, as Executor of JOHN A. McMANUS,
Deceased, Appellant, *v.* ELIZABETH F. McMANUS et al.,
Respondents, Impleaded with Others.

WILL — TESTATOR'S PERSONAL PROPERTY HAVING BEEN ABSORBED
BY TRUSTS CREATED BEFORE HIS DEATH, WHEN LEGACIES ARE CHARGE-
ABLE UPON REAL ESTATE.   Where substantially all of a testator's per-
sonal estate is, at the time of the execution of the will and at his death,
represented by accounts in various savings banks, opened by him in trust
for his wife, adopted daughter and sisters, taxes, assessments and repairs
upon real estate devised to his wife and daughter for their lives, directed
to be paid by the executor, as well as a legacy to the daughter, are charge-
able upon such real estate, since, knowing that his personal estate would
be insufficient to · meet such charges, it must be presumed that he
intended they should be so charged.

*McManus* v. *McManus*, 86 App. Div. 240, affirmed.

(Argued October 14, 1904; decided November 15, 1904.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
August 5, 1903, which affirmed a judgment of Special Term
judicially construing the will of John A. McManus, deceased.

This action was commenced by the executor of John A.
McManus, deceased, to obtain a judicial construction of his
will in the following respects : As to the validity and effect of
the devises to his widow and adopted daughter, contained in
the second paragraph, and as to the meaning, correct inter-
pretation and effect of the fourth paragraph.

The case was tried at Special Term, and the learned trial
judge made and found findings of fact and conclusions of
law.   He found that the testator died in Kings county
December 31, 1899, and that his will was admitted to probate
January 20, 1900 ; that he left a widow, the defendant Eliza-
beth F. McManus, an adopted daughter, Ella Agnes Svenson,
a brother Edward, since deceased, a brother James V., the
plaintiff in this action, and two sisters, Ellen C. and Anna L.
McManus, who were his only heirs at law and next of kin ;
that the testator, at the time of his death, owned the real

estate therein described, situated in New York and Suffolk
counties, which was of the estimated value of $94,000; that
the testator by paragraph two of his will gave, devised and
bequeathed to his wife the use of the dwelling house No. 77
St. Marks avenue, Brooklyn, and the furniture, etc., therein
contained during her life, unless she should remarry, in which
event the use of the same should cease, and in the event of
the death or remarriage of his wife, he gave, devised and
bequeathed the use of the said house and furniture to his
adopted daughter during her natural life, and he also provided
and directed that his executor should pay the taxes, assessments
and repairs on said house so long as it should be occupied by
his wife or adopted daughter, and upon the death or remar-
riage of his wife and the death of his adopted daughter, he
gave, devised and bequeathed to his two sisters and his two
brothers, the survivor or survivors of them, the said house in
fee simple absolute; that the fourth paragraph of his will was
as follows : " I do hereby give and bequeath to my adopted
daughter the sum of five thousand dollars to be paid to her as
soon after my decease as possible;" that the testator at the
time of his death owned and possessed personal property not
exceeding in value one hundred and two dollars; that at the
time of the execution of the will the testator had deposited
the bulk of his personal property in various savings banks, in
trust for different members of his family, leaving an amount
not so deposited wholly insufficient to pay the legacies pro-
vided for in his will; that the testator, at the time of exe-
cuting the will, knew that his personal property was insuf-
ficient to pay the legacies bequeathed in the second and fourth
paragraphs; and that the testator endeavored by his will to
make provisions for his wife and daughter, and for that pur-
pose intended that the legacies bequeathed in paragraphs two
and four, respectively, should become effective.

As conclusions of law the court held that the testator at the
time of the execution of his will did not own and possess suf-
ficient personal property to provide for the payment of taxes,
assessments and repairs on the premises No. 77 St. Marks

avenue as directed in the second paragraph; that the testator at that time did not own and possess sufficient personal property to provide for the legacy of five thousand dollars bequeathed to Ella Agnes Svenson by the fourth paragraph; that the payment of such taxes, assessments and repairs which the testator by his will directed his executor to pay for the benefit of his wife and daughter constitutes a specific charge and lien upon the real estate of the testator, and a trust for that purpose is imposed by said will upon the executor in order to carry out and give force and effect to the provisions of said will as set forth in the second paragraph; that the legacy of five thousand dollars to Ella Agnes Svenson under the fourth paragraph constitutes a specific charge and lien upon the real estate of the testator. It then provided for the costs and directed judgment.

Judgment was entered in accordance with the findings of the trial court, an appeal was taken to the Appellate Division in the second department, where the judgment was unanimously affirmed and the plaintiff thereupon appealed to this court.

*Vincent Victory* for appellant. An intention of the testator to charge the legacies on the land is not expressed by any word or phrase in the will, nor is there such an expression in the will that would imply such an intention, and, furthermore, no such intention can be gathered from the circumstances of testator at the time he made his will. (*Morris* v. *Sickley*, 133 N. Y. 456; *Bevan* v. *Cooper*, 73 N. Y. 322; *Wiltie* v. *Shaw*, 100 N. Y. 194; *Brill* v. *Wright*, 112 N. Y. 129.)

*Edward F. Clark* and *William J. Harding* for respondents. The affirmance by the Appellate Division having been unanimous and no exception to the admission or exclusion of evidence being presented, the sole question to be determined on this appeal is whether the facts found by the trial court, together with the will itself, sufficiently establish the intent

of the testator to charge the legacies upon the real estate owned by him. (*Krekeler* v. *Aulbach*, 169 N. Y. 372; *E. S. T. F. Co.* v. *Grant*, 114 N. Y. 40; *Hammet* v. *Linneman*, 48 N. Y. 399.) The intent of the testator to charge his real estate with the payment of the legacies is clearly shown by the terms of the will itself. (*Hoyt* v. *Hoyt*, 85 N. Y. 142; *Scott* v. *Stebbins*, 91 N. Y. 605; *Brill* v. *Wright*, 112 N. Y. 129; *Briggs* v. *Carroll*, 117 N. Y. 288; *Le Fevre* v. *Toole*, 85 N. Y. 96; *McCorn* v. *McCorn*, 100 N. Y. 511; *Hogan* v. *Kavanagh*, 138 N. Y. 417; *Foster* v. *Civill*, 20 Hun, 281; *Shulters* v. *Johnson*, 58 Barb. 80; *Wellbrook* v. *Otten*, 35 Misc. Rep. 451.) The trial court having found as a fact that the testator knew at the time of making his will that his personal property was insufficient to meet the legacies, it follows as a rule of law that he must have intended that they should be charged on the real estate. (*McCorn* v. *McCorn*, 100 N. Y. 511; *Briggs* v. *Carroll*, 117 N. Y. 288; *Wellbrook* v. *Otten*, 35 Misc. Rep. 459; *Morris* v. *Sickley*, 133 N. Y. 456.)

Martin, J. The first question presented upon this appeal is how far the findings of fact may be reviewed or considered by this court under a unanimous affirmance. An exception to a finding of fact unanimously affirmed by the Appellate Division presents no question reviewable by the Court of Appeals, and where the facts as found justify the conclusions of law and no other exceptions appear which present any questions of law, the judgment must be affirmed. (*Krekeler* v. *Aulbach*, 169 N. Y. 372.) Even if the error in the decision of the case upon which the appellant relies is predicated upon undisputed evidence, which is not contained within a finding of fact, it cannot be considered by this court. (*Marden* v. *Dorthy*, 160 N. Y. 39, 45; *Hilton* v. *Ernst*, 161 N. Y. 226, 228; *Clark* v. *Nat. Shoe & Leather Bank*, 164 N. Y. 498, 501.)

As in this case no valid exception was taken to the admission or exclusion of evidence, the sole question to be deter-

mined is whether the facts found by the trial court were sufficient to justify its conclusion that it was the purpose and intent of the testator to charge the legacies mentioned in paragraphs two and four upon the real estate owned by him at the time of his death. Whether a legacy is charged upon the real estate of a decedent, is always a question of the testator's intention. Primarily, the language of the will is the basis of the inquiry, but extrinsic circumstances which aid in the interpretation of the language employed and help to disclose the actual intention are also to be considered. (*Le Fevre* v. *Toole*, 84 N. Y. 95; *Hoyt* v. *Hoyt*, 85 N. Y. 142; *Scott* v. *Stebbins*, 91 N. Y. 605; *McCorn* v. *McCorn*, 100 N. Y. 511, 513.)

It is obvious, as found and held by the learned trial court, that at the time of the execution of the will the testator's personal estate was represented by accounts in various savings banks, opened by him in his name in trust for his wife, his adopted daughter and sisters, and, hence, that the only fair conclusion from the evidence is that, when the accounts were opened, the testator intended to create a trust for the benefit of the beneficiaries named therein, and that he believed he had the right at any time during his life to revoke any of those trusts and change the disposition of such moneys as he saw fit, and that all moneys standing in trust at his death would belong to the beneficiaries named in the various accounts. It was upon that theory only that the trial court was able to harmonize the facts in the case. Moreover, the parties to the action seem to have adopted that theory, for all the trust accounts in existence at the time of the testator's death were subsequently closed by the beneficiaries, and the money appropriated to their own use, without objection on the part of the executor. The testator, when he made his will, must have known that without those accounts his personal estate was insufficient to pay the legacies, taxes, etc., mentioned in the second and fourth clauses of his will, and it is manifest that he intended the provisions made therein for his wife and daughter to become effective. His first duty

was to them.  Intending that these legacies should be satisfied, and having reason to know that his personal property would be insufficient for that purpose, the legacies should be charged upon the real estate.

It is to be observed that the question in this case is not whether the deposits by the testator of his personal property in different banks in trust for his wife, his adopted daughter, his sisters and brothers, created an irrevocable trust, but is whether, when he made his will with the existing trusts, which substantially embraced all his personal property, he intended that the taxes, assessments and repairs upon the property which was devised to his wife and daughter during their lives and his legacy of five thousand dollars to the latter, should be paid out of the real estate which had not been specifically disposed of.  His intent is not dependent upon the validity of the various trusts, but the proof of their existence bears alone upon the question whether, at the time of the making of the will, he intended that his provisions for his wife and daughter should become effective by applying his real estate to their payment, his personal property having been thus disposed of.  It is quite manifest that he understood that the different trusts which he had created would exhaust his personal estate, that the legacy to his adopted daughter and the taxes, etc., must, if paid, be paid from his real estate, and that it was his clear and obvious intention that they should be so paid.

Moreover, in *Matter of Totten* (179 N. Y. 112, 125) the following rule was established as the law governing such attempted trusts: " A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor.  It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary.  In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that

an absolute trust was created as to the balance on hand at the death of the depositor." Therefore, under that rule and the proof in this case it is evident that upon the death of the testator, with the existing trusts as to his personal property, he was not in fact possessed of sufficient other personal property to pay either the legacy to his adopted daughter or the taxes, etc., upon the St. Marks avenue real estate. It is also disclosed that from the time of the making of the will, although there were changes, there was practically a continuation of similar trusts in favor of his daughter, brothers and sisters, which, if paid, would practically exhaust his personal estate. Therefore, even if this court were to examine and review the findings of fact made by the trial court, it would necessarily reach the same conclusion as that reached by the learned trial judge.

We, therefore, concur in that conclusion, and are of the opinion that inasmuch as it is found and established by the evidence that the testator knew, at the time of making his will, that his personal property was insufficient to meet the legacies and charges for the payment of taxes, etc., the courts below were justified in holding that he intended that such legacies and expenses should be charged upon the real estate. As was said by Judge Finch in *McCorn* v. *McCorn* (*supra*), these legacies and charges for the widow and daughter " were mere mockeries unless meant to be charged upon the real estate." The intention and purpose of the testator to be determined was that which was found to exist at the time of the execution of the will and cannot be varied or changed by any after-occurring events. (*Morris* v. *Sickly*, 133 N. Y. 456.)

The judgment should be affirmed, with costs.

Cullen, Ch. J., O'Brien, Bartlett, Haight, Vann and Werner, JJ., concur.

Judgment affirmed.