(70 Misc. Rep. 428.)

FARMERS' LOAN & TRUST CO. et al. v. OSBORN et al.

(Supreme Court, Special Term, New York County. January, 1911.)

1. WILLS (§ 820*)—CONSTRUCTION—LEGACY AS CHARGE ON REALTY.

Testatrix was conversant with pending litigation over her stepfather's will, of which she was a beneficiary, and which resulted in an award to her a few months after the drawing of her will of about $130,000 in personalty, including certain property, disposed of by testatrix in her will. The will after directing payment of debts and funeral expenses, either out of her personalty or the proceeds of sale of her realty, gave $75,000 to the executors in trust to pay the income to L. for life, and, upon his death, to pay the principal to testatrix's daughter. All testatrix's personal effects were bequeathed to her daughter, and the will provided a trust in the executors of certain corporate stock, the income to be paid to the daughter until her majority, when the stock was to be transferred to her or to her issue in case of her death. The executors were given a discretionary power of sale of the stock in which event the proceeds were to be held on a trust similar to the trust of the stock itself. The trustees were given full power of disposition of any realty. After payment of debts, funeral expenses, and expenses of administration there would not be sufficient personalty not specifically bequeathed to enable establishment of the trust fund of $75,000. Held, that testatrix relied upon receipt from her stepfather's estate of the property, the subject of the specific bequests and the power of sale of the realty, indicating her intent that such realty might be used for a specific purpose inconsistent with its being charged with payment of legacies so that there was no intent that the trust of $75,000 should be a charge on the realty, but that, in event of an insufficiency of personalty, such trust should abate to the extent of such deficiency, after providing for the specific legacies of the personalty, and payments of claims against decedent, and charges of administration, and the executors were not empowered to sell realty to establish the trust.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 820.*]

2. WILLS (§ 683*)—CONSTRUCTION—PROCEEDS OF SALE OF STOCK TO BE HELD, AS TRUST FUND.

The corporate stock having been retired and the proceeds paid to the executors, the amount so paid, being a part of the stock trust, should be held by them as trustees as part of the principal of such fund.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 683.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Farmers' Loan & Trust Company and another, executors and trustees of the will of Josefa Neilson Osborn against Audrey Osborn and others for construction of a will. Will construed.

John C. Tomlinson, for plaintiffs.

Frederick Eder and Henry C. Beadleston, for guardian ad litem of Audrey Osborn.

Graham & Stevenson, for defendant Lawford.

Henry Bogert Clark, for defendant Max Strakosch.

E. Ormonde Power, for other defendants.

GUY, J. This action is brought by plaintiffs as executors and trustees under the last will and testament of Josefa Neilson Osborn, deceased, to obtain a judicial construction of her will, which was drawn on February 5, 1908, about nine months prior to her death.

[1] Clause 1 of the will directs the payment of debts and funeral expenses, "either out of my personal property or out of the proceeds of the sale of real property." Clause 2 bequeaths to plaintiffs in trust $75,000, to pay the income to defendant Lawford (at that time engaged to be married to decedent) during his life, and upon his death to pay the principal to decedent's daughter Audrey, if living, or to her issue if she should be dead, and, in the event of her dying without issue before defendant Lawford, said fund to be paid to the beneficiaries under defendant Lawford's will. Clause 3 bequeaths all of decedent's personal effects, household furniture, and jewelry to her daughter Audrey. Clause 4 provides a trust to plaintiffs of all shares of stock, both common and preferred, of the Mrs. Osborn Company, the income to be paid to decedent's daughter Audrey until she arrives at the age of 21 years, "said stock then to be transferred and assigned to her" if living, or to her issue if she shall have died leaving issue, and in case said daughter shall have died before the age of 21, leaving no issue surviving, the entire stock to go to defendant Lawford. This clause also gives the trustees power, in their discretion, to sell the stock or any part thereof, "in which event they shall hold the proceeds derived from said sale in trust according to the provisions of this paragraph." Clause 5 gives the rest, residue, and remainder of decedent's estate, real and personal, to plaintiffs in trust, "to invest and reinvest the same in such securities as they may deem best, whether the same shall be authorized by law for the investment of trust funds or not," to pay the income to decedent's daughter Audrey during her life, and the principal to such person or persons as she may designate by will; if she shall make no designation, then to her issue; and if she shall die leaving no issue surviving, and without having made such designation or appointment, then the trustees are directed to pay the sum of $20,000 in small bequests and the balance to defendant Lawford. Clause 6 gives the trustees "full power to sell, lease or mortgage any real estate which I may own," and further directs that the trustees may, if decedent's daughter Audrey desires, maintain certain real property for her benefit. It appears that, after the payment of debts, funeral expenses, and the probable expenses of administration, there will not be sufficient personalty not the subject of specific legacies to

enable the executors to establish the trust fund of $75,000 for the benefit of the defendant Ernest Lawford.

The first question, therefore, to be determined by this court, is whether the trust provided for by the second paragraph of the will in favor of the defendant Lawford is chargeable on the realty, or whether said trust shall abate to the extent that the personal property is adequate therefor. The will contains no express provision for a charge of legacies upon the realty, but the rule is well settled that, if testatrix had knowledge at the time of the making of the will that there would not be sufficient personalty from which the legacy could be paid, the law implies an intent that the realty shall be charged with the payment thereof. See McManus v. McManus, 179 N. Y. 342, 72 N. E. 235. In this case, however, it does not appear that the testatrix had knowledge of the insufficiency of the personalty for the payment of the legacies provided for in her will. On the contrary, it appears that she had reasonable ground for believing that her personal estate would be sufficient for such purpose. It appears that she was a beneficiary under the will of her stepfather, over which will litigation was then pending, which resulted in an award to the testatrix some four months after the drawing of her will and five months previous to her death of about $130,000 in personalty, including certain stock of the Mrs. Osborn Company, disposed of by testatrix in the fourth paragraph of her will, and confirming the title of testatrix to certain real estate, of which testatrix also made disposition by her will.

It is conceded that the testatrix was an active, intelligent, experienced business woman, familiar with details concerning her property, and thoroughly conversant with the pending litigation over her stepfather's will, and in making the bequests provided for in this will she manifestly relied upon the receipt by her at an early date from her stepfather's estate of the property which is the subject of specific bequests contained in her will, and of a sufficient sum in money to pay all bequests provided for in her will. That this was a reasonable expectation on her part is shown by the fact that, after the payment of debts and funeral expenses and after making a liberal allowance for the principal expenses of administration, such debts and expenses amounting in the aggregate to $53,000, there is now in the hands of her executors $60,000 applicable to the purpose of the trust provided for in the second paragraph of the will. It should also be noted that the provision in paragraph 6 of the will that the real estate may be sold and the interest or income of the proceeds thereof be used, if so desired, by Audrey Osborn to maintain certain premises in this city and Bellport as a home for Audrey, indicates the intention of the testatrix that the real estate might be used for a specific purpose inconsistent with the idea that it should be charged with the payment of legacies. It further appears that, by action of the directors of the Mrs. Osborn Company, the preferred stock of said company was retired, the trustees under this will receiving in payment thereof the sum of $45,000.

[2] It is contended by the defendant Audrey Osborn that said sum of $45,000 is income, payable to her as such under the provisions of paragraph 4 of the will. This contention is without merit. The pre-

ferred stock constituted part of the principal of the trust fund created by paragraph 4, and the conversion of said stock into money, representing the value thereof, did not alter its character. It differs in no respect from moneys that might have been realized by the trustees from the sale of said stock. I find, therefore, as follows: First, that it was not the intent of the testatrix that the legacy of $75,000 created by paragraph 2 of the will should be chargeable upon the real property left by her; second, that no power is given the plaintiffs, as executors and trustees under the will, to sell the real property left by her, or any part thereof, for the purpose of enabling said executors to establish said trust of $75,000 created by paragraph 2 of the will; third, that it was not the intent of the testatrix that the real property left by decedent should be resorted to or used by plaintiffs as executors to pay said legacy of $75,000, to themselves as trustees, provided for in paragraph 2 of the will, but it was the intent of the testatrix that, in the event of a deficiency in personal property left by decedent, said trust of $75,000 created by said paragraph 2 should abate to the extent of such deficiency, after providing for the specific legacies of the personal property bequeathed in paragraphs 3 and 4 of the will and paying the claims against decedent, funeral expenses, expenses of administration, commissions of executors, and all other charges in connection with the proper administration of the estate; fourth, that the $45,000 paid to the plaintiffs upon the retirement of the preferred stock of the Mrs. Osborn Company is part of the principal of the trust created by paragraph 4 of the will, and that the meaning, correct construction, and effect of said paragraph 4 is that said $45,000 shall be held by plaintiffs, as trustees, as part of the principal of said fund, as provided for in said paragraph.

Ordered accordingly.